COLUMBUS & SOUTHERN OHIO ELECTRIC COMPANY, APPELLANT, v. PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

(No. 78-942—Decided May 9, 1979.)

Messrs. *Porter, Wright, Morris & Arthur,* Mr. *Samuel H. Porter,* Mr. *Curtis A. Loveland* and Mr. *William J. Kelly,* for appellant.

Mr. *William J. Brown,* attorney general, Mr. *Kevin F. Duffy* and Mr. *Marvin I. Resnik,* for appellee.

Mr. *William A. Spratley,* consumers' counsel, Mr. *Orla E. Collier* and Mr. *Stephen P. Allison,* for intervening appellee Office of Consumers' Counsel.

CELEBREZZE, C. J. The crux of appellant's arguments is that it is entitled to the full $45,491,000 requested in its application for a rate increase. The objections to the commission's order involve four general areas—the allowance for construction work in progress (CWIP), the overall rate of return and dollar annual return, an adjustment for the coal excise tax and the standard for calculating an allowance for property taxes.

In assessing the appellant's objections, this court is bound by the statutory mandate of R. C. 4903.13 that an order of the commission will be overturned only where, upon a consideration of the record, the order is unreasonable or unlawful.

In its first proposition of law, the company questions the procedure employed by the commisssion in computing a reasonable allowance for construction work in progress

pursuant to R. C. 4909.15(A). The appellant contends that the commission was required, by the provisions of that statute, to permit a maximum allowance of $156,865,000 and that, therefore, the authorized allowance of $100,531,000 was both unreasonable and unlawful.

The manner in which the CWIP was computed was discussed at length in the companion appeal of the Consumers' Counsel in *Consumers' Counsel* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 108. In that decision this court held that the commission's application of R. C. 4909.15(A)(1), on this particular set of facts, did not amount to an abuse of discretion. The court came to that conclusion based on the following analysis:

"R. C. 4909.15(A)(1) confers upon the commission discretion to permit a reasonable allowance for CWIP. In exercising this discretion, the commission determined that those projects which were completed by the end of the test year or which would be operational by the time the rates in dispute took effect, qualified as a reasonable CWIP allowance. The commission reasoned that the company or its investors should not 'be required to wait until the next rate case to realize a return on property that will be providing service throughout the period during which the rates established in this case will be in effect.' The commission also recognized that the purpose for supporting these statutes is 'to provide the Commission with a mechanism' by which authorized revenues could take into account expenses of plant construction 'necessary to assure continuity of utility service.'

"The method adopted by the commission to implement this purpose does not appear unreasonable to this court. The commission acknowledged that the standard applied in this cause does not establish rigid criteria for the future. In resolving this cause, the commission applied the method it believed could achieve a result approximating the intended purpose of the statute. This standard, based as it was on the particular set of facts before the commission, bore a reasonable relationship to the purpose of the

legislation. Accordingly, this court finds that it was not an abuse of discretion for the commission to authorize the inclusion of $100,531,000 for CWIP in the company's rate base pursuant to R. C. 4909.15(A)(1)." *Consumers' Counsel, supra*, at page 111.

Appellant's second, third and fourth propositions of law deal with the reasonableness of the 9.89 percent rate of return authorized by the commission. The company argues initially that the rate of return is "demonstrably insufficient to assure * * * [its] financial integrity." The company contends that the commission ignored extensive evidence concerning its need to increase its revenues by at least $45,500,000 to maintain a minimum level of financial integrity. To substantiate that point, appellant relies on the testimony of its own expert witness, Paul J. Garfield.

A perusal of the record reflects the fact that the company, the commission staff, the Office of the Consumers' Counsel and the city of Columbus each presented its own expert witnesses who testified to a recommended rate of return.* Appellant would like the court to conclude that the commission should have adopted the company's recommendation of an appropriate rate of return and, therefore, ignored testimony to the contrary. Since there is other evidence in the record to support the reasonableness of the 9.89 percent rate of return, the failure of the commission to follow appellant's recommended rate is neither unreasonable nor unlawful. A conclusion of the commission on a question of fact will not be reversed by this court unless it is manifestly against the weight of the evidence or so clearly unsupported by the record as to show misapprehension or mistake or willful disregard of duty. *Duff v. Pub. Util. Comm.* (1978), 56 Ohio St. 2d 367, 370; *Cleveland Elec. Illuminating Co.* v. *Pub. Util. Comm.* (1975), 42 Ohio St. 2d 403, paragraph eight of the syllabus.

*The testimony concerning a rate of return involved the following experts and their recommendations: Paul J. Garfield (C & SOE) 10.6 percent; Robert F. Wayland (commission staff) 9.74 percent—10.04 percent; Donald J. Trawicki (Office of Consumers' Counsel) 9.8 percent; and A. Scott Rothey (city of Columbus) 9.5 percent—9.7 percent.

In its third proposition of law the company contends that the commission improperly rejected an upward adjustment of the proposed rate of return to account for inflation. Applying the appropriate standard of *Cleveland Elec. Illuminating, supra,* this proposition of law is overruled.

Appellant has also asserted that it was error for the commission not to test its rate of return with the determined rate base in order to conclude that the proposed rate was both ''fair and reasonable.'' The rationale underlying this argument is founded, once again, on the proposition that the authorized rate is insufficient for the company to maintain a minimal degree of financial integrity. However, the record does not reflect a failure on the part of the commission to adequately consider the effect of the accepted rate of return on the company's ability to remain a viable utility. Accordingly, this proposition of law is equally without merit.

In its fourth proposition of law the company alleges the commission erred in refusing to adjust test period expenses to recognize and annualize an increase in jurisdictional operating expenses caused by the imposition of Ohio's new coal excise tax in December 1977. The commission recognized that such test period adjustments were permissible but, nevertheless, concluded that the appellant had failed to meet its burden on that issue. The adjustment was not present in the company's original application for an increase and, therefore, there was no staff investigation or audit of the claimed amount of the expense as required by R. C. 4909.19.

The commission, in paragraph No. 8 of its entry dated May 30, 1978, denying appellant's application for a rehearing, indicated the following:

"By its sixth assignment of error, applicant contends that its operating expenses should include an adjustment for the Ohio Coal Consumption Tax. While such an adjustment has been approved by this Commission in other rate proceedings, there is insufficient evidence of record

in this case to support the estimated level of expense to justify inclusion of the requested allowance. The Ohio Coal Consumption Tax has just recently been placed into effect and the amounts due under the tax vary with the burning of coal of differing sulfur content. The very limited evidence presented on this adjustment does not provide a basis for quantifying what allowance, if any, is appropriate. The burden of presenting and supporting evidence as to the costs to be incurred rests with the utility and it cannot assign error to the disallowance of the adjustment if its burden of proof has not been met."

Appellant has failed to demonstrate that the foregoing rationale for refusing the adjustment was unreasonable and, thus, this proposition of law is rejected.

In its fifth and final proposition of law the company alleges that the commission improperly computed a proper allowance for property taxes. The company and the commission staff differed as to the proper method of calculating the permissible allowance. The staff used the latest *known* tax rate, established late in 1976, and the company used an *estimated* or *forecasted* 1977 tax rate. The commission used the known rates and stated that "[t]he staff's method is consistent with the Commission's general practice of utilizing the latest actual rate available for purposes of this calculation." Since the company has the burden of showing that its proposed rates are fair, just and reasonable, in the absence of any *known* increase in the tax rate, it was not error for the commission to have adopted the rate employed by the commission staff.

In the light of the foregoing, and the presumption of lawfulness bestowed upon orders of the commission, the appellant has failed to demonstrate that the order of the commission was either unreasonable or unlawful. Therefore, the order of the commission is affirmed.

*Order affirmed.*

HERBERT, W. BROWN, P. BROWN, SWEENEY and HOLMES, JJ., concur.

LOCHER, J., dissents for the reasons stated in his dissenting opinion in *Columbus* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 103, and in his concurring and dissenting opinion in *Consumers' Counsel* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 108.

