OHIO WATER SERVICE CO., APPELLANT, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as Ohio Water Service v. Pub. Util. Comm. (1980),
61 Ohio St. 2d 308.]

(No. 79-976—Decided March 19, 1980.)

*Messrs. Murphey, Young & Smith, Mr. Frank C. Dunbar III,* and *Mr. Geoffrey V. Case,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik,* and *Mr. Thomas L. Mumaw,* for appellee.

*Per Curiam.* Appellant has raised two issues here on appeal. With the scope of our review in mind, we address those issues separately. See R. C. 4903.13; *Masury Water Co.* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 147.

## I.

The first issue deals with the proper determination of appellant's depreciation expense during the test year. The commission, in its opinion and order, addressed the problem as follows:

"***The company attacks the Staff's method of calculating depreciation expense. The Staff's depreciation expense was calculated on the date certain plant in service. The company contends that the depreciation expense should be the company's actual booked depreciation, arguing that the Staff's method 'distorts' the expense, because it fails to take into account additions and retirements during the second half of the test year.

"***Mr. Fox [a commission witness] testified that the Staff's method insures the proper matching of the date certain rate base and the depreciation expense***. Whether or not the figure used by the company was an accurate reflection of the actual test year booked depreciation, we reject that figure, and adopt the Staff's depreciation expense."

The commission approved a test period beginning January 1, 1977, and ending December 31, 1977, with a date certain of June 30, 1977. The commission used this period and determined the depreciation expense pursuant to the requirements of R. C. 4909.15.[2]

_____

[2] R. C. 4909.15 provides, in part:

"(A) The public utilities commission, when fixing and determining just and reasonable rates, fares, tolls, rentals, and charges shall determine:

"(1) The valuation as of the date certain of the property of the public utility used and useful in rendering the public utility service for which rates are to be fixed and determined.***

Appellant contests the commission's determination due to the language in R. C. 4909.151, which provides, in relevant part: "In fixing the just, reasonable, and compensatory rates, joint rates, tolls, classifications, charges, or rentals to be observed and charged for service by any public utility, the public utilities commission *may* consider the costs attributable to such service.***As used in this section, 'costs' includes operation and maintenance expense, depreciation expense, tax expense, and return on investment as actually incurred by the utility. The costs allocated to each service shall include only those costs used by the public utilities commission to determine total allowable revenues." (Emphasis added.)

Appellant contends that R. C. 4909.151 *requires* the commission to consider the actual depreciation expense booked by the utility during the test year if that amount is known and undisputed. However, since R. C. 4909.151 clearly is not mandatory, appellant's contention is without merit. The commission computed depreciation consistently with R. C. 4909.15. We find that method to be both a reasonable and lawful and, thus, reject appellant's arguments regarding this first issue.

## II.

Appellant is a wholly-owned subsidiary of Consumers Water Company. In computing the rate of return, the commission used the cost of capital of the consolidated entity, Consumers Water Co., and found 9.53 percent to be a reasonable rate of return. Appellant contends that only the cost of capital of appellant should be used in determining the rate of return and that the rate should be 10.4 percent.

---

"(2) A fair and reasonable rate of return to the utility on the valuation as determined in division (A) (1) of this section;

"(3) The dollar annual return to which the utility is entitled by applying the fair and reasonable rate of return as determined under division (A) (2) of this section to the valuation of the utility determined under division (A) (1) of this section;
"***

"(C) The test period, unless otherwise ordered by the public utilities commission, shall be the twelve-month period beginning six months prior to the date the application is filed and ending six months subsequent to that date. The revenues and expenses of the utility shall be determined during the test period. The date certain shall be not later than the date of filing."

The following, from the commission's opinion and order, presents the commission's reasoning regarding this issue:

"The company and the Staff disagree as to which capital structure should be used in determining the cost of capital. Mr. Mulle [appellant's witness] contends that because Consumers Water Company, the parent company, takes care of only the common stock financing of Ohio Water Service Company, it is inappropriate to use the consolidated capital structure.

"The Staff proposes the use of a consolidated capital structure based on the fact that Ohio Water Service Company is a fully owned subsidiary of Consumers Water Company. In the Staff's view, the parent company distributes available funds among its subsidiaries in a manner that will maximize the overall return of the consolidated entity; believing that the investor recognizes this fact of the parent-subsidiary relationship, it is the staff's view that the use of the consolidated capital structure better reflects the proper cost of capital in this proceeding.

"We believe that use of the consolidated capital structure is appropriate in this case. Although Ohio Water Service Company does issue its own debt and preferred stock, it does receive its equity financing from Consumers. A similar situation was presented in *Ohio Suburban Water Company,* Case No. 77-1512-WS-AIR (Opinion and Order, March 1979). In that case, too, the subsidiary issued its own debt, but was financed by the parent through its common equity. We conclude that it was reasonable to believe that the debt investor is not blind to the relationship between the parent and subsidiary. There is nothing in the record of this case which would lead us to a different conclusion; we, therefore, adopt the use of the consolidated capital structure."

Based on the facts presented in this case, this court is of the opinion that the use of the consolidated capital structure of Consumers Water Company in determining the rate of return for appellant is both reasonable and lawful. We are aware that in the past the commission has sometimes used the capital structure of the subsidiary alone when determining the rate of return. See, *e.g., Akron* v. *Pub. Util. Comm.* (1978), 55 Ohio St. 2d 155. But, as long as the method chosen by the commission

312

based on the particular situation is reasonable and lawful, we will not disturb its determination.

Accordingly, the order of the Public Utilities Commission is affirmed.

*Order affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.