12

OHIO WATER SERVICE CO., APPELLANT, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

(No. 79-1423—Decided November 5, 1980.)

*Messrs. Murphey, Young & Smith* and *Mr. Frank C. Dunbar, III,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnick* and *Ms. Judith B. Sanders,* for appellee.

*Per Curiam.* The sole issue on appeal herein is the proper treatment of appellant's interest expense for the test year.

Appellant is a wholly-owned subsidiary of its parent company, Consumers Water Company. In *Ohio Water Service Co. v. Pub. Util. Comm., supra,* and *Ohio Suburban Water Co. v. Pub. Util. Comm.* (1980), 62 Ohio St. 2d 17, this court approved the use by the appellee of a consolidated capital struc-

ture approach for the calculation of a rate of return of a wholly-owned subsidiary.

The appellee, in the two above-mentioned cases, determined that the debt and preferred equity investors obviously knew of the parent-subsidiary relationship and also that the investors were aware that the parent company would distribute common equity funding among the various subsidiaries in order to maximize the overall rate of return.

In the instant cause, appellee also used the consolidated capital structure approach in setting a reasonable rate of return in reference to the Struthers district. The application of this consolidated approach, when applied specifically to determine an appropriate level of interest expense for the test year, has not specifically been passed on by this court. But, the commission's determination and our approval of a consolidated capital structural approach for setting the rate of return of a wholly-owned subsidiary are quite persuasive herein.

By using a consolidated capital structure in determining a fair rate of return, appellee has asked the ratepayers to pay to appellant a higher return on debt than is actually paid in interest expense. For ratemaking purposes, a utility is not granted a specific allowance for interest charges as a part of the cost of service, in that such costs are already recognized in the rate of return calculations. The ratepayer, the ultimate consumer, will be paying to appellant a higher debt cost through the rate of return calculation and, therefore, as the level of interest expense is increased, the federal income tax expense is decreased. Consequently, it is only proper that the ratepayer benefit from the higher interest expense deduction and, therefore, lower federal income tax expense, than reflected on the company's books. The appellee's approval of its staff's methodology achieves consistency between the test year rate base and the rate of return.

A majority of other jurisdictions, when pressed by a similar issue as that in the instant cause, have supported the approach and rationale taken by the appellee. *Re Chesapeake and Potomac Telephone Co.* (D.C. 1974), 4 P.U.R. 4th 1; *Re West Coast Telephone Co. of California* (Cal. 1963), 48 P.U.R. 3rd 89; *Re New York Telephone Co.* (N.Y. 1970), 84 P.U.R. 3rd

321; *South Carolina Generating Co.* v. *Federal Power Comm.* (C.A. 4, 1958), 261 F. 2d 915, 27 P.U.R. 3rd 198.

As stated by this court in the syllabus in *C & SOE* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 120:

"A finding and order by the Public Utilities Commission will not be disturbed unless it appears from the record that such finding and order are manifestly against the weight of the evidence and are so clearly unsupported by the record as to show misapprehension or mistake or willful disregard of duty. (*Cleveland Elec. Illuminating Co.* v. *Pub. Util. Comm.*, 42 Ohio St. 2d 403, paragraph eight of the syllabus approved and followed.)"

In that the method chosen by the appellee has been ascertained to be reasonable and lawful, based on the particular situation herein, we will not disturb the appellee's determination.

Accordingly, the order of the Public Utilities Commission is affirmed.

*Order affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.