Ohio-American Water Company, Appellant, *v.*
Public Utilities Commission of Ohio, Appellee.

(No. 81-481—Decided December 9, 1981.)

*Messrs. Bricker & Eckler, Ms. Sally W. Bloomfield* and *Mr. David V. Stivison,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik,* and *Ms. Marsha Rockey Schermer,* for appellee.

*Per Curiam.* The only issue presented herein is the reasonableness of the commission's decision to use a consolidated capital structure in determining an appropriate rate of return for Ohio-American.

Appellant contends, generally, that the commission's decision is unreasonable for two reasons. First, appellant argues that the commission has adopted a *per se* rule that whenever an applicant utility is a wholly-owned subsidiary, a consolidated capital structure will be used; and, second, the commission, in making its determination, relied upon prefiled staff testimony which was either recanted by the witnesses during cross-examination or rebutted by Ohio-American's own experts.

Appellant's first argument must fail simply because there is absolutely no evidence that the commission has abrogated its statutory responsibilities. Moreover, this court has recently held that it is permissible for the commission to use a consolidated capital structure in determining a fair and reasonable rate of return. See *Ohio Water Service Co.* v. *Pub. Util. Comm.* (1980), 61 Ohio St. 2d 308; *Ohio Suburban Water Co.* v. *Pub. Util. Comm.* (1980), 62 Ohio St. 2d 17, certiorari denied (1980), 449 U. S. 876; and *Ohio Water Service Co.* v. *Pub. Util. Comm.* (1980), 64 Ohio St. 2d 12; cf. *Franklin Co. Welfare Rights Org.* v. *Pub. Util. Comm.* (1978), 55 Ohio St. 2d 1, at 6; and *Akron* v. *Pub. Util. Comm.* (1978), 55 Ohio St. 2d 155.

With regard to appellant's second argument, it is clear that there is a disagreement between appellant's witness and the commission's staff witness as to the appropriate capital structure to be used in determining Ohio-American's cost of capital. It is equally clear that there exists a conflict between the interpretation which appellant places upon the evidence

presented at the public hearing and that which the commission places thereon. However, this conflict does not justify a reversal of the commission's order. "The function and jurisdiction of this court in an appeal from an order of the commission is limited. Under R. C. 4903.13, our task is to affirm an order of the commission if it is not unreasonable or unlawful.\*\*\*Our function is not to weigh the evidence or to choose between alternative, fairly debatable rate structures." *Cleveland Elec. Illuminating Co.* v. *Pub. Util. Comm.* (1976), 46 Ohio St. 2d 105, 108. To adopt appellant's contentions would require this court to conduct a *de novo* review of the commission's order. This we may not do. See *Masury Water Co.* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 147.

This court is of the opinion that use of the consolidated capital structure of the American Water Works Company for determining the rate of return for appellant is both reasonable and lawful. Accordingly, the order of the commission is affirmed.

*Order affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.