IN RE DISQUALIFICATION OF SPENCER.

THE STATE OF OHIO *v.* HIATT.

[Cite as *In re Disqualification of Spencer* (1993), 74 Ohio St.3d 1245.]

(No. 93–AP–037—Decided August 6, 1993.)

MOYER, C.J. This affidavit of disqualification was filed by Kort Gatterdam, counsel for defendant William Hiatt, and seeks the disqualification of Judge Elmer Spencer from further proceedings in the above-referenced case.

The underlying case involves several criminal offenses allegedly committed by defendant against his minor daughter. As the sole common pleas court judge in Adams County, Judge Spencer previously found the alleged victim to be an abused child and placed her and her sisters in the custody of children's services. Affiant claims Judge Spencer's prior participation in the custody proceedings will prejudice him against defendant and requires his disqualification. In support of this assertion, affiant refers to a motion he filed on behalf of defendant seeking defendant's temporary release from jail to attend his father's funeral. During discussion on the motion, affiant claims that Judge Spencer indicated there was little question of defendant's guilt or innocence in view of eyewitnesses to defendant's conduct and the publicity the case had received.

" * * * A judge rarely hears the preliminary statement of a case by the attorneys without forming an opinion conditioned on the establishment of certain facts and the law as claimed, otherwise he would not be following the case as it developed. * * *

"Such opinions, if formed, whether favorable or unfavorable, in the absence of evidence or information to the contrary, are not presumed to result in the giving

to either party, anything other than a full and fair hearing, and impartial determination of the issues according to the law and the evidence; and * * * are not sufficient to overthrow the presumption of the trial judge's integrity and clearness of vision." *State v. Cox* (App.1911), 21 Ohio Dec. 299, 310.

Here, however, the statements attributed to Judge Spencer could suggest to a reasonable person the appearance of prejudice or partiality. To avoid this appearance and ensure defendant the neutrality of an impartial judge, it is ordered that Judge Elmer Spencer participate no further in these proceedings. A judge from outside Adams County will be assigned to this case.