IN RE DISQUALIFICATION OF WARD.

THE STATE OF OHIO v. PANNEL.

BURKHAMMER ET AL. v. WILFONG ET AL.

[Cite as In re Disqualification of Ward (1995), 77 Ohio St.3d 1233.]

(No. 95-AP-163—Decided December 6, 1995.)

MOYER, C.J. This affidavit of disqualification was filed by Thomas S. Hodson seeking the disqualification of Judge Michael W. Ward from further proceedings in the above-captioned cases.

Affiant seeks the disqualification of Judge Ward from the two underlying cases based upon affiant's representation of the petitioner-defendant in an unrelated post-conviction relief proceeding, State v. Losey, Athens C.P. No. CR 91-5-56. Judge Ward previously served as the county prosecuting attorney and represent-

ed the state of Ohio in the criminal trial that is the subject of the post-conviction relief petition. Among other contentions, the post-conviction relief petition alleges conduct on the part of Judge Ward, as prosecuting attorney, that was prejudicial to the petitioner-defendant's right to a fair trial. As a result, he may be called as a witness at a hearing on the post-conviction relief petition.

In view of the allegations made in the *Losey* matter, affiant contends that Judge Ward's further participation in the underlying cases creates an appearance of impropriety and raises a reasonable question regarding Judge Ward's impartiality. He cites three earlier affidavit of disqualification rulings in support of his claim.

The cases cited by affiant in support of his claim of disqualification are not analogous to the situation presented here. Of some relevance, however, are two earlier holdings in which the disqualification of judges was sought because of an alleged adversarial relationship between the affiant and the judge. In *In re Disqualification of Hunter* (1988), 36 Ohio St.3d 607, 522 N.E.2d 461, the mere fact that a judge was named as an adverse party in another case was found not to constitute grounds for disqualification. That case involved two federal lawsuits filed by a party against a judge presiding over his case. Similarly, in *In re Disqualification of Kilpatrick* (1989), 47 Ohio St.3d 605, 546 N.E.2d 929, I concluded that a judge was not automatically disqualified because a party in a pending case had filed a disciplinary complaint accusing the judge of violating the Code of Judicial Conduct.

*Hunter* and *Kilpatrick* also involved situations in which the named judges were parties either to the federal actions or the disciplinary complaint filed by or on behalf of the affiants. Here, Judge Ward neither is a party to the post-conviction action nor is he represented by the current prosecuting attorney in that action. Furthermore, beyond the potential adversarial positions of the judge and the affiant, the affiant has failed to demonstrate facts tending to establish either an appearance of impropriety or circumstances in which Judge Ward's impartiality in these underlying cases might reasonably be questioned. As demonstrated by the holdings in *Hunter* and *Kilpatrick*, the mere existence of an adversarial relationship is not sufficient grounds to disqualify a judge.

For these reasons, the affidavit of disqualification is found not well taken and is denied. The cases shall proceed before Judge Ward.