██ R.C. 4503.21 states that neither the owner *nor* operator shall fail to display a sticker issued under Ohio law. Even though the truck the youth was driving had an orange December sticker, it had expired on December 20, 1998, as discussed above. To hold that stickers expire only at the end of the month printed on them would fly in the face of the renewal laws outlined herein. In addition, it would create the unequitable situation of, in effect, giving a driver with a first-of-the-month birthday a thirty-day grace period and giving a driver with a last-of-the-month birthday no grace period at all. A court must find that the Ohio legislature, in enacting statutes, is presumed to have intended a just and reasonable result, R.C. 1.47.

WHEREFORE, the youth is adjudged to be a juvenile traffic offender in case No. B–990004 and case No. B–990019. It is ordered that this matter shall come on for dispositional hearing on the 15th day of April, 1999 at 2:30 p.m.

*So ordered.*

## The STATE of Ohio

### v.

## FRATERNAL ORDER OF EAGLES, AERIE 2347.

Darke County Court of Ohio.

No. 99–CRB–002–0091.

Decided March 30, 1999.

*Jesse J. Green,* Darke County Assistant Prosecuting Attorney, for plaintiff.

---

JONATHAN P. HEIN, Judge.

This matter came before the court upon motion of the state of Ohio for removal of Judge Gene R. Hoellrich from hearing the above-captioned case. The motion was supported by the affidavit of disqualification filed by Jesse J. Green, Assistant Prosecuting Attorney. Both Judge Hoellrich and Green were provided an opportunity to present evidence or argue the merits of the motion and both

declined. At this court's request, a complete transcript of the proceedings described herein was provided.

This motion was filed pursuant to R.C. 2701.031, which provides the mechanism for a consideration of these motions, including a review of the merits of the motion and supporting affidavit by the judge of the court of common pleas.

The affidavit of Green provides a portion of the transcript of sentencing held by Judge Hoellrich on March 16, 1999, wherein the judge fined certain defendants the sum of $1.00 plus costs of approximately $60 following their conviction for violating the gambling statute, R.C. 2915.02. The state of Ohio asserts that Judge Hoellrich should be removed from hearing the pending cases, since he verbalized bias or prejudice (presumably against the state of Ohio) when he made the following comments at sentencing in the prior cases:

"[The judge] would defy anybody in the State of Ohio to claim that eh [sic] biggest gambling house·in Ohio isn't run by the State of Ohio. Basically, what this is about is the State wants to submerge its competition, and I want to send that message to the State of Ohio. So I am going to impose a fine of one dollar. If the State wants to run the biggest gambling house in the State of Ohio, don't come in this court and try to tell me of this harmful conduct. Is it harmful conduct? Yes, I believe it is. I believe it is harmful conduct to gamble. But in the context of the State running the biggest gambling house in the State, I find it morally repugnant for me to be an agent of the State to do nothing more than simply submerge its competition ... [b]ut I want to send a message to the State. I believe I have." (Ellipsis *sic.*)

"What this is all about, in my opinion, is simply the king is jealously guarding its monopoly. And unless the king is willing to quit its monopoly, I find it morally difficult for the king, being the State of Ohio, to claim that what you (defendant) [are] doing is a significant violation of the ethical and moral law."

Green asserts that "it can reasonably be anticipated that the Judge will be consistent with his previous dispositions in resolution of this matter." Further, Green states that the "sentences imposed at the March 16 arraignments, though lawful, demeans [*sic* ] the seriousness of the offense as contemplated by the state legislature." Last, Green concluded that Judge Hoellrich has shown "a bias or prejudice against the State of Ohio and the effective administration of justice as it pertains to gambling-related offenses."

In performing its defined duties, every court must be careful not to legislate but to instead adjudicate matters properly brought before it by parties

to an action. Judicial activism is frequently cited today as a problem in the effective administration of justice, yet the legislative, judicial, and executive branches all possess roles and are necessary to the effective administration of justice. This court agrees with Green's conclusion that Judge Hoellrich's statements are political in nature. However, a judge is within his discretion to explain the basis of his decision; indeed, it is often beneficial to all parties to understand those factors that a judge considered before imposing a sentence. For example, Ohio's new felony sentencing law, Am.Sub.S.B. No. 2, effective July 1, 1996, mandates that a judge, prior to a felony sentencing, describe certain facts and factors to support the sentencing decision.

 Admittedly, Judge Hoellrich's statement provides much insight into his personal attitudes toward the gambling statutes as they currently exist in Ohio. Indeed, when Ohio's legislature implemented legalized gambling through the Ohio lottery, a double standard was created concerning Ohio's gambling statutes. Judge Hoellrich's statement describes his view of the double standard. However, there are many "double standards" in Ohio law, including exemptions from speed limit laws for police and emergency vehicles and the legality of carrying concealed weapons by certain classes of individuals.

Accordingly, the opinions made by Judge Hoellrich about "the king * * * jealously guarding its monopoly" and about the "State want[ing] to submerge its competition" might best be summarized by borrowing a phrase from Shakespeare: "Thou protesteth too much." Such protests might better be made by a legislator than by a judge. However, in this context, they do not demonstrate bias or prejudice.

However, the issue before this court is not the clarity or accuracy of the logic behind the sentence imposed. Instead, this court must determine whether Judge Hoellrich "is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge." R.C. 2701.031(A).

 Statements of a judge may be used as a basis for the judge's disqualification. *In re Disqualification of Spencer* (1993), 74 Ohio St.3d 1245, 657 N.E.2d 1350. Further, unsolicited comments by a judge at a sentencing hearing may properly lead to disqualification. *In re Disqualification of Ruehlman* (1991), 74 Ohio St.3d 1229, 657 N.E.2d 1339, However, while the position of the state certainly does not agree with that of the judge, this contrary relationship does not *per se* require a disqualification of the judge. *In re Disqualification of Ward* (1995), 77 Ohio St.3d 1233, 674 N.E.2d 349, Instead, R.C. 2701.031(A) requires that the state demonstrate "bias or prejudice."

Regarding the state's motion for disqualification, this court is not prepared to find that the statements of Judge Hoellrich on a single day when sentencing numerous parties to a nominal fine are so egregious so as to constitute "bias or prejudice." In the prior cases, Judge Hoellrich also considered the defendants' apparent lack of prior, similar records and the apparently low likelihood of recidivism. Further, the judge indicated that future criminal conduct would be dealt with more severely. Last, the court also recognized additional, administrative penalties that would likely be imposed by the Ohio Department of Liquor Control.

There was no nullification of the gambling statute, since Judge Hoellrich found the defendants guilty. Further, although the penalties were unexpected and were marginally deterrent in view of prior penalties for similar crimes, the sentences imposed were within statutory guidelines. Additionally, it can reasonably be concluded that Judge Hoellrich will impose more severe penalties in future cases if the circumstances warrant more severe penalties.

Without more evidence, the state of Ohio has failed to demonstrate that Judge Hoellrich has shown such bias or prejudice to the state of Ohio that he should be removed from hearing further gambling cases.

IT IS, THEREFORE, ORDERED AND DECREED that the motion of the state of Ohio to disqualify Judge Hoellrich is overruled. Costs of the motion and entry are taxed to the state of Ohio. The Clerk of the Darke County Court shall provide a copy of this entry to counsel of record.

*Judgment accordingly.*

JONATHAN P. HEIN, J., of the Darke County Court of Common Pleas, sitting pursuant to R.C. 2701.031.