DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas. Following a jury trial, appellant was convicted of vandalism in violation of R.C. 2909.05, a fifth-degree felony. Appellant violated his post-release control.
 {¶ 2} Appellant was sentenced to 11 months incarceration for the vandalism conviction, and 26 months incarceration for violating his post-release control. These sentences were ordered served consecutively. Appellant was ordered to pay restitution in the amount of $1,021.99. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 3} On appeal, appellant sets forth four assignments of error:
 {¶ 4} "I. The trial court erred in sentencing defendant to a sentence for a post release control violation as the defendant was never informed of the consequences of a violation of post release control when the defendant was originally sentenced.
 {¶ 5} "II. Ohio Revised Code section 2929.141 is unconstitutional as it violates the Eighth Amendment of the United States Constitution against cruel and unusual punishment and it violates the right of due process provided in the Fifth
and Fourteenth Amendments.
 {¶ 6} "III. The court erred in not allowing defendant to have [sic] copy of the transcripts of the preliminary hearing at state's expense for the preparation of trial.
 {¶ 7} "IV. Defendant was denied due process of law and effective assistance of counsel when counsel failed to properly disqualify the judge for the sentencing on the post release control violation and when the judge denied the defense a continuance to secure a witness."
 {¶ 8} The following undisputed facts are relevant to the issues raised on appeal. On the evening of October 7, 2004, appellant, John Boy Carles, entered the Limbo Café ("Café") in North Baltimore, Ohio, and attempted to buy beer on two different occasions. Both times he was asked to leave because he had previously been banned from the establishment.
 {¶ 9} The bar closed at 2:30 a.m. Shortly thereafter, rocks were thrown through the window of the Café. Two employees of the bar identified appellant as the only person outside the Café immediately after the incident. More importantly, one witness directly observed appellant throw a rock at the window. Another witness saw rocks in appellant's hands before the incident. When confronted by two Café employees, appellant fled the scene. Appellant was located, tackled, and apprehended a short distance away. When one employee asked him why he did it, appellant stated, "he didn't like Mike" (the bar owner).
 {¶ 10} On November 4, 2005, appellant was indicted on one count of vandalism, a fifth-degree felony, in violation of R.C.2909.05(A). Prior to trial, counsel for appellant filed an ex parte motion for a transcript of the preliminary hearing. The motion was denied, but counsel was notified that the motion would be granted if filed with the clerk of courts with notice to the state of Ohio. Appellant failed to do so. Counsel then filed a motion to transfer the case to a different judge. It was denied.
 {¶ 11} On January 3, 2005, a jury found appellant guilty of the vandalism charge. On February 7, 2005, appellant's sentencing hearing was conducted. Following sentencing, a timely notice of appeal was filed.
 {¶ 12} In his first assignment of error, appellant asserts the trial court erred in sentencing him for a post-release control violation because he was never informed of the consequences of such a violation when he was originally sentenced. Specifically, appellant contends that both Crim.R. 11 and R.C. 2929.19 were violated.
 {¶ 13} Crim.R. 11(C) provides, in pertinent part:
 {¶ 14} "(2) In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 15} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
 {¶ 16} This court has analyzed Crim.R. 11 on a number of occasions. Pursuant to Crim.R. 11, a trial court must (1) address the defendant personally and (2) inform him of the consequences of his plea, before accepting a no contest or guilty plea in a felony case. State v. Bach, Lucas App. No. L-04-1326,2005-Ohio-4173, ¶ 11.
 {¶ 17} Additionally, the trial court must, either at sentencing or during the plea hearing, supply information regarding post-release control to a criminal defendant. Woods v.Telb (2000), 89 Ohio St.3d 504, paragraph 2 of syllabus. Under Crim.R. 11, a criminal defendant must be informed of the maximum penalty for his offense. Post-release control is part of that sentence. State v. Lamb, 156 Ohio App.3d 128, 2004-Ohio-474, ¶15-16 (citations omitted).
 {¶ 18} This court has recognized that substantial compliance is sufficient to satisfy Crim.R. 11. State v. Pitts,159 Ohio App.3d 852, 2005-Ohio-1389, ¶ 19, citing State v. Stewart
(1977), 51 Ohio St.2d 86. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106,108, citing State v. Stewart (1977), 51 Ohio St.2d 86, 93. This court has held that a trial court must advise a defendant of any mandatory post-release control period at the time of his plea, in order to substantially comply with Crim.R. 11(C). Lamb,
156 Ohio App.3d at ¶ 16.
 {¶ 19} The facts of this case show the trial court substantially complied with Crim.R. 11. The trial court notified appellant he would be subject to post-release control, and asked him if defense counsel had thoroughly explained it to him. Appellant answered in the affirmative. Furthermore, the plea agreement, signed by both appellant and his attorney, specified the exact conditions of post-release control. For the foregoing reasons, this court finds that appellant understood the implications of his guilty plea, and that the trial court substantially complied with Crim.R. 11. This argument is without merit.
 {¶ 20} Appellant next argues that the trial court failed to comply with R.C. 2929.19(B)(3), which provides, in pertinent part:
 {¶ 21} "(3) Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
 {¶ 22} "(a) Impose a stated prison term;
 {¶ 23} "* * *
 {¶ 24} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person;
 {¶ 25} "* * *
 {¶ 26} "(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 * * * of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender."
 {¶ 27} Ohio appellate courts have held that under R.C.2929.19, a defendant does not have to be notified of the length of his post-release control. State v. Johnson, Cuyahoga App. No. 83117, 2004-Ohio-4229. In this case, the original sentencing court informed appellant he would be subject to post-release control. The court informed him of what could happen if he violated his post-release control. The court informed him of the maximum sanctions he could face. The court informed him of the possible sanctions in the event the violation of post-release control was a felony. We therefore find that the trial court complied with the requirements of R.C. 2929.19.
 {¶ 28} For the foregoing reasons, appellant's first assignment of error is not well-taken.
 {¶ 29} In his second assignment of error, appellant contends R.C. 2929.141 violates the prohibition against cruel and unusual punishment provided by the Eighth Amendment of the United States Constitution, and the Due Process Clause of the Fifth andFourteenth Amendments. Specifically, appellant claims R.C.2929.141 gives courts the ability to "continuously" sentence a person on post-release control to new prison terms for violations of already completed sentences if the person commits a new felony.
 {¶ 30} R.C. 2929.141(B)(1) provides, in pertinent part: "* * * If the person is a releasee, a prison term imposed for the violation, and a prison term imposed for the new felony, shall not count as, or be credited toward, the remaining period of post release control imposed for the earlier felony."
 {¶ 31} The party challenging the constitutionality of a statute must show beyond a reasonable doubt that it is unconstitutional. Woods, 89 Ohio St.3d at 510. "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear * * * that the legislation and constitutional provisions are clearly incompatible." Id. at 511, quoting State ex rel. Dickman v.Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus.
 {¶ 32} In Woods v. Telb, supra, the Supreme Court of Ohio analyzed R.C. 2967.28(F)(3), which also deals with post-release control, and provides: "* * * the maximum cumulative prison term for all violations under this division shall not exceed one-half of the total stated prison terms of the earlier felony, reduced by any prison term administratively imposed by the parole board, plus one-half of the total stated prison term of the new felony."
 {¶ 33} The Woods court found that, pursuant to R.C.2967.28, an offender is "fully informed at sentencing that violations of post-release control will result in, essentially, `time and a half.'" Id. at 511. The court found that R.C. 2967.28
limits the amount of prison time a releasee may serve for violating post-release control, and thus is constitutional.
 {¶ 34} Similarly, R.C. 2929.141 limits the amount of prison time a releasee may serve for violating post-release control. R.C. 2929.141(B)(1) states:
 {¶ 35} "* * * the maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the releasee has spent under post-release control for the earlier felony. In all cases, an prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board * * * as a post-release control sanction."
 {¶ 36} Appellant next argues that R.C. 2929.141 could lead to a "cycle" of incarceration with a "possibility of not being broken." But perpetual incarceration that would occur here would be directly caused by the ongoing criminal behavior of appellant himself, and not by the allegedly improper statutory provisions. As the Supreme Court of Ohio in State v. Martello noted, "the ability to impose a term of incarceration for violation of post-release control sanctions is an important tool in ensuring compliance with those conditions." 97 Ohio St.3d 398,2002-Ohio-6661, ¶ 40.
 {¶ 37} The Supreme Court of Ohio in Woods held: "R.C.2967.28 does not violate the separation of powers doctrine or Due Process Clauses of the United States or Ohio Constitutions."Woods, 89 Ohio St.3d at 504, paragraph one of the syllabus. For the same reasons, we find that R.C. 2929.141 does not violate the Due Process Clauses of the United States or Ohio Constitutions. Each provision contains an adequate limit to the prison time a releasee may serve for violating post-release control. Appellant's second assignment of error is not well-taken.
 {¶ 38} In his third assignment of error, appellant asserts the trial court erred in denying his ex parte motion for a preliminary hearing transcript. The motion was filed ex parte because trial counsel believed her trial strategy would be unfairly revealed to the state if filed with the clerk of courts.
 {¶ 39} This court has consistently held that it will not disturb the judgment of the trial court absent an abuse of discretion. State v. Baumgartner, 6th Dist. No. OT-02-029,2004-Ohio-3908, ¶ 44. An abuse of discretion requires more than an error of law or judgment. It requires a finding that "the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 40} Appellant relies on State v. Arrington (1975),42 Ohio St.2d 114, to support his argument. In Arrington, the appellate court affirmed a trial court ruling denying defendant's motion for a copy of the preliminary hearing transcript. In its reversal, the Supreme Court of Ohio recognized that in criminal cases, "the state must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." Id. at 116.
 {¶ 41} Unlike our case, the motion in Arrington was properly filed. Here, although the trial court denied appellant's ex parte motion requesting transcripts from the preliminary hearing, the court notified trial counsel that if the motion wasfiled properly with the clerk of courts, the motion would be granted "without delay." The court did not deny appellant the preliminary hearing transcript, but simply gave him the choice of filing it properly or not filing it at all. Appellant unwisely chose the latter, and his claim of error lacks merit. Appellant's third assignment of error is not well-taken.
 {¶ 42} In his fourth assignment of error, appellant raises two distinct issues. He contends he was denied due process of law and effective assistance of counsel when his counsel failed to properly move to disqualify the judge for sentencing pursuant to the post-release control violation and that the trial court erred by denying the defense a continuance to secure a witness.
 {¶ 43} To reverse his conviction on grounds of ineffective assistance of counsel, appellant must show that his "counsel's performance was deficient," and the deficient performance prejudiced his defense so as to deprive him of a fair trial.State v. Jones (2000), 90 Ohio St.3d 403, 407, 2000-Ohio-187, citing Strickland v. Washington (1984), 466 U.S. 668, 687. The former requires a showing that counsel made such grievous errors that "counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The latter requires a showing that counsel's errors "were so serious as to deprive the defendant of a fair trial." Id. In order to prevail on a claim of ineffective assistance of counsel, appellant must show the existence of a reasonable probability that, in the absence of trial counsel's errors, the trial would have had a different result. State v. Carter (1995),72 Ohio St.3d 545, 558, 1995-Ohio-104.
 {¶ 44} Pursuant to R.C. 2701.03, a party must file an affidavit with the Supreme Court of Ohio when requesting that a judge be disqualified. Here, counsel for appellant requested, both before and at the sentencing hearing, that the judge disqualify himself from presiding over the sentencing phase of the trial because the judge had been Wood County Prosecutor at the time appellant committed the first offense. However, counsel for appellant never filed an affidavit with the Supreme Court of Ohio requesting that the judge be disqualified. Furthermore, an assistant prosecutor handled the prior case, not the judge in this case. The judge refused to disqualify himself, and sentenced appellant.
 {¶ 45} "The mere existence of an adversarial relationship is not sufficient grounds to disqualify a judge." In reDisqualification of Ward (1995), 77 Ohio St.3d 1233, 1234. InWard, the Ohio Supreme Court denied an affidavit of disqualification against the trial judge who served as the county prosecuting attorney when the defendant committed the underlying offenses. Id. at 1233-1234.
 {¶ 46} Furthermore, in State v. Foust, 105 Ohio St.3d 137,2004-Ohio-7006, ¶ 120, the Supreme Court of Ohio rejected an ineffective assistance of counsel claim based on trial counsel's failure to object to a new judge/former prosecutor on the three-judge panel. The court held: "The prior professional activities of a judge are not grounds for disqualification where the record fails to demonstrate the existence of a relationship or interest that clearly and adversely impacts on a party's ability to obtain a fair and impartial trial." Id., quoting Inre disqualification of Cross (1991), 74 Ohio St.3d 1228.
 {¶ 47} In this case, appellant has failed to establish sufficient grounds for disqualifying the trial judge. Even had the motion been properly filed with the Supreme Court of Ohio, it enjoyed little likelihood of success. There is no indication from the record of any personal bias from the judge toward appellant, and, as county prosecutor, the judge did not handle appellant's initial case — it was handled by an assistant prosecutor. Thus, appellant was not denied effective assistance of counsel, and this argument is without merit.
 {¶ 48} Appellant also argues that the trial court erred in not granting a longer continuance when a defense witness left the courtroom and did not return. Trial counsel told the witness to be back by 4:00 p.m., and by 4:50 p.m. the witness had not returned. The judge denied counsel's request for an extended continuance.
 {¶ 49} A trial court has broad discretion in deciding whether to grant or deny a continuance, and a refusal of the requested continuance "does not constitute grounds for reversal unless there is an abuse of that discretion." State v. King, 6th Dist. No. WD-02-055, 2003-Ohio-3986, ¶ 24-25. "Whether the court has abused its discretion depends on the circumstances, `particularly * * * the reasons presented to the trial judge at the time the request is denied.'" State v. Powell (1990), 49 Ohio St.3d 255,259, quoting Ungar v. Sarafite (1964), 376 U.S. 575, 589.
 {¶ 50} In King, the trial court denied trial counsel's request for a continuance in order to locate a missing witness. This court affirmed, noting the lack of evidence in the record to suggest a longer continuance would secure the witness's appearance. Id. at ¶ 29. Similarly, there is no evidence in the record before us showing a longer continuance would have secured the appearance of appellant's witness. The witness knew he was supposed to be back at the court by 4:00 p.m., and nearly an hour later he was still not there. The trial court acted within its discretion in denying appellant's motion for a longer continuance. This argument is without merit. For the foregoing reasons, appellant's fourth assignment of error is not well-taken.
 {¶ 51} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of this record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J. concur.