[Cite as *State v. Davis*, 2022-Ohio-4767.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                          Court of Appeals No.  L-22-1100
                                                                            L-22-1101
          Appellee
                                                      Trial Court No.  CR0201701077
                                                                       CR0201702181
v.

Anton Davis                                           **DECISION AND JUDGMENT**

          Appellant                                   Decided:  December 29, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Donald Gallick, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} In this consolidated appeal, appellant, Anton Davis, appeals the March 31,

2022 judgment of the Lucas County Court of Common Pleas, denying appellant's post-

sentence motion for a new trial and petition for postconviction relief filed October 14,

2021. For the reasons that follow, we find the trial court did not abuse its discretion in denying the motion and therefore affirm the judgment.

{¶ 2} The historical facts of this case are brought forward from *State v. Davis*, 6th Dist. Lucas Nos. L-19-1298, L-19-1299, 2020-Ohio-4539, 159 N.E.3d 331, ¶ 1-16:

On April 8, 2016, appellant's vehicle was searched during a traffic stop. Law enforcement seized a firearm and a green leafy substance, which was submitted to the Toledo Police Forensic Laboratory for analysis. The analysis found that the items contained controlled substances, specifically MMB-CHMICA. On January 12, 2017, in case No. CR0201701077, appellant was indicted on: one count of carrying concealed weapons in violation of R.C. 2912.12(A) (2) and (F), a felony of the fourth degree; and one count of trafficking in drugs in violation of R.C. 2925.03(A) (2) and (C) (8) (g), a felony of the first degree, with a major drug offender ("MDO") specification attached pursuant to R.C. 2941.1410. At this point, appellant retained counsel and on January 31, 2017, appellant entered a plea of not guilty.

On March 9, 2017, the Toledo Police executed a search warrant at appellant's residence. Toledo Police seized over 800 grams of synthetic marijuana and drug paraphernalia.

2.

On April 9, 2017, police made a traffic stop of a vehicle in Toledo, Ohio. Appellant was a passenger in the vehicle. A search was conducted and over 80 grams of synthetic marijuana was seized from the vehicle.

The items seized, from the two events mentioned above, were submitted to the Toledo Police Forensic Laboratory, and were found to contain controlled substances, specifically 5-Fluoro ADB and MMB-FUBINACA. These substances are commonly known as the drug K2, which is a Schedule I narcotic.

On April 19, 2017, appellant's counsel filed a motion for independent analysis of controlled substance. On June 27, 2017, the trial court granted appellant's motion to obtain independent testing of the substance found during the search. However, the record lacks information on whether appellant's attorney arranged for the independent testing to be completed.

On July 11, 2017, in case No. CR0201702181, appellant was indicted on: one count of trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(8)(E), a felony of the second degree; one count of possession of a controlled substance in violation of R.C. 2925.11(A) and (C)(8)(d), a felony of the second degree; one count of trafficking in a controlled substance in violation of R.C. 2925.03(A)(2) and (C)(8)(f), a

felony of the first degree; one count of possession of a controlled substance in violation of R.C. 2925.11(A) and (C)(8)(d), a felony of the first degree; three counts of trafficking in a controlled substance in violation of R.C. 2925.03(A)(2) and (C)(8)(g), felonies of the first degree, with MDO specifications pursuant to R.C. 2941.1410 attached: three counts of possession of a controlled substance in violation of R.C. 2925.11(A) and (C)(8)(f), felonies of the first degree, with MDO specifications attached pursuant to R.C. 2941.1410; one count of having weapons while under disability in violation of 2923.13(A)(3) and (B), a felony of the third degree; one count of illegal manufacture of drugs, in violation of R.C. 2925.04(A), (C)(1), (C)(2) and (E), a felony of the first degree; one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), (B), and (C), a felony of the second degree; and one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1) and (F), a misdemeanor of the fourth degree. Appellant's girlfriend at the time was indicted as his co-defendant on similar charges, but those charges were later dropped.

On September 27, 2017, appellant entered two guilty pleas. In case No. CR0201701077, appellant pled guilty to carrying concealed weapons and trafficking in a controlled substance with an MDO specification

attached. In exchange, appellee requested a nolle prosequi as to Count 3, appellee's recommendation that the prison sentence would not exceed 14 years when aggregated with case No. CR0201702181, and appellee's silence regarding judicial release. The plea agreement states:

I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice, counsel and competence. I am not now under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement, stated entirely as follows: The State of Ohio will request nolle prosequi as to count three. The State of Ohio will recommend that the prison sentence not exceed 14 years aggregated with CR-17-2181. The State will remain silent regarding judicial release.

In case No. CR0201702181, appellant pled guilty to two counts of trafficking in a controlled substance; in exchange, appellee requested a nolle prosequi as to all other counts and all specifications, appellee's recommendation that the prison sentence would not exceed 14 years aggregated with case No. CR0201701077, and appellee's silence regarding judicial release. The plea agreement appellant signed states:

I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advice, counsel and

competence. I am not now under the influence of drugs or alcohol. No threats have been made to me. No promises have been made except as part of this plea agreement, stated entirely as follows: The State of Ohio will request nolle prosequi as to count 2, 3, 4, the specification attached to count 5, counts 6, 7, 8, 9, 10, and their specifications, and count[s] 11, 12, 13, 14. The State of Ohio will recommend that the prison sentence not exceed 14 years aggregated with CR-17-1077. The State will remain silent regarding judicial release.

At the plea hearing on September 27, 2017, appellant indicated that he could read, write, understand English, and that he was not under the influence of anything that would affect his ability to understand the proceedings. Appellant confirmed he understood the plea he was entering and the maximum prison terms and fines he could face. Appellant verified that he understood that his guilty plea was a complete admission of guilt. The trial court explained appellant's constitutional rights and appellant indicated he understood by entering the plea, and he waived them. Upon questioning by the trial court, appellant stated that he was satisfied with his attorney's advice and competence, that his attorney had represented him "very well," and that it was in his best interest to enter the plea agreement. Appellant confirmed no threats had been made in order to induce him into

entering the plea. The trial court asked if there were any other representations made to defendant to get him to enter the plea. Appellant explained that he discussed the question with his attorney, stated that he had enough time to discuss the question with his attorney, and answered in the negative. Appellant agreed that he had an opportunity to review the plea forms with his attorney and that he signed them. Appellant stated he did not have any questions about anything that had taken place. The trial court accepted the pleas and found appellant guilty.

On October 26, 2017, appellant filed a pro se motion to withdraw his plea indicating that: "the plea bargain I took is unacceptable for the crime and is cruel. There are things in the plea that I admitted to doing that I did not do."

On December 5, 2017, appellant's counsel made a motion to withdraw from representation of appellant, which was granted. Appellant was then appointed new counsel on December 12, 2017, and a hearing on his motion to withdraw his plea was scheduled for January 10, 2018. At the January 10, 2018 hearing, appellant withdrew his motion to withdraw his guilty plea in open court.

On February 20, 2018, the trial court sentenced appellant, on both case numbers, to a mandatory term of two years in prison on both counts in

7.

case No. CR0201701077, one year on the carrying concealed weapons count, and a mandatory term of 11 years for the trafficking in a controlled substance charge with a MDO specification attached, to be served concurrently. In the aggregate, the total sentence appellant must serve was 13 mandatory years.

In May 2019, appellant retained new counsel who on behalf of appellant, filed a second motion to withdraw appellant's plea on May 3, 2019. After approved extensions, appellee filed their response on October 17, 2019. On November 15, 2019, the trial court denied appellant's motion to withdraw his plea.

This appeal was filed on December 18, 2019, to address whether the trial court erred in denying appellant's motion to withdraw his guilty plea. In that appeal, Davis argued that the trial court erred by denying his post-sentence motion to withdraw his guilty plea because the trial court failed to hold an evidentiary hearing regarding his motion; the plea was not knowingly, voluntarily, or intelligently made; he had ineffective assistance of counsel; and he was coerced into entering the guilty pleas.

**{¶ 3}** In *State v. Davis, supra*, we found that Davis' claims were untimely filed and further, barred by the doctrine of res judicata.  We found no error in the trial court's

8.

decision denying appellant's post-sentence motion to withdraw his guilty plea without a hearing.

{¶ 4} On October 14, 2021, Davis filed a motion for a new trial and a petition for postconviction relief with the trial court.

{¶ 5} In his petition, he presented five claims for relief.

FIRST CLAIM: DAVIS SUFFERED A DEPRIVATION OF THE CONSTITUTIONAL RIGHT TO DUE PROCESS BECAUSE THE SENTENCING JUDGE PREVIOUSLY REPRESENTED HIM AS HIS ATTORNEY.

SECOND CLAIM: DAVIS SUFFERED A DEPRIVATION OF THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HE WAS REPEATEDLY GIVEN ERRONEOUS LEGAL ADVICE.

THIRD CLAIM: DAVIS INCURRED INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO NEGLECT IN THE YEARS 2019, 2020, AND 2021.

FOURTH CLAIM: DAVIS HAS BEEN WRONGFULLY-CONVICTED DUE TO FALSE TESTIMONY FROM A WITNESS.

FIFTH CLAIM: DAVIS IS WRONGFULLY-CONVICTED BECAUSE HE DID NOT POSSESS NOR EXCHANGE ILLEGAL-DRUGS.

{¶ 6} On March 31, 2022 the trial court denied Davis' petitions for postconviction relief. In denying appellant's motions, the trial court found the petitions to be untimely filed pursuant to R.C. 2953.21(A)(1) and further, barred under the doctrine of res judicata. The court further found that the claims of ineffective assistance of counsel were not cognizable in postconviction proceedings under R.C. 2953.21.

{¶ 7} In his appeal to this court in this instance, appellant presents three assignments of error for our review.

{¶ 8} In his first two assignment of error, Davis asserts:

THE TRIAL COURT ERRED BY FAILING TO HOLD A POST-CONVICTION HEARING CONCERNING POTENTIAL STRUCTURAL ERROR CAUSED BY APPELLANT'S ORIGINAL TRIAL JUDGE PREVIOUSLY SERVING AS HIS DEFENSE ATTORNEY.

THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING THE POST-CONVICTION PETITIONWITHOUT A HEARING, AS THE PROFFERED EXHIBITS, TRANSCRIPT AND AFFIDAVITS WARRANTED AN EVIDENTIARTY HEARING.

10.

**{¶ 9}** Since these two assignments are rooted in the same fundamental argument that the trial court abused its discretion in failing to hold a hearing on his petition, we will address them together.

## TIMELINESS

**{¶ 10}** R.C. 2953.21(A)(1)(a)(i) dictates that a petition for postconviction relief must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * * except as provided in R.C. 2953.23. Here, the final judgment entry was February 22, 2018, and Davis had 30 days to appeal that order, i.e., until March 22, 2018. Davis' petition in this instance was not filed until October 14, 2021--- more than 365 days after the transcripts were filed. His petition was, therefore, untimely.

**{¶ 11}** Nevertheless, under 2953.23, a court may entertain an untimely petition filed after the 365-day deadline set forth in R.C. 2953.21(A)(1)(a)(i) under the following circumstances:

> (a) Either the petitioner shows that the petitioner was unavoidably
>
> prevented from discovery of the facts upon which the petitioner must rely
>
> to present the claim for relief, or, subsequent to the period prescribed
>
> in division (A)(2) of section 2953.21 of the Revised Code or to the filing of
>
> an earlier petition, the United States Supreme Court recognized a new

11.

federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. [and]

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 12} Davis argues that he was unavoidably prevented from discovery of the facts upon which he must rely to present his claims for relief.

{¶ 13} However, he submits affidavits concerning facts that were obviously discoverable at the time of his direct appeal. Wanda Davis, appellant's mother, alleges that she did not have access to the journal entries to establish that the trial court represented Davis in a case in 2003. However, the exhibit submitted to the trial court indicates that it was file-stamped in the Office of Clerk of Courts of Lucas County on March 4, 2003. This fact was easily discoverable as it was a matter of public record available 14 years prior to the indictment in this case in April, 2017.

## RES JUDICATA

{¶ 14} At the outset, we will note that a defendant is not automatically entitled to an evidentiary hearing on a postconviction relief petition. *State v. Jackson*, 64 Ohio St.2d

107, 110, 413 N.E.2d 819 (1980). R.C. 2953.21(D) provides that, before granting a hearing on a petition * * * the court shall determine whether there are substantive grounds for relief. Thus, Davis bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. *State v. Ibrahim*, 10th Dist. Franklin No. 14AP-355, 2014-Ohio-5307, ¶ 9.

{¶ 15} Because the burden is the petitioner, a postconviction relief petition may be denied without an evidentiary hearing where the petition and supporting materials do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *State v. Calhoun*, 86 Ohio St.3d 279, 282-83, 714 N.E.2d 905 (1999).

{¶ 16} Review of this question is mixed. *State v. Barber*, 10th Dist. Franklin No. 16AP-172, 2017-Ohio-9257, ¶ 17, 20; *cf. State v. Kane*, 10th Dist. Franklin No. 16AP-781, 2017-Ohio-7838, ¶ 9.

{¶ 17} We review the factual findings of the trial court for compliance with the *Calhoun* analysis and also for whether the trial court abused the "sound exercise of discretion" permitted by *Calhoun*. *Calhoun* at 284; *State v. Campbell*, 10th Dist. Franklin No. 03AP-147, 2003-Ohio-6305, ¶ 14.

{¶ 18} We review questions of law de novo. *Barber* at ¶ 20; *Kane* at ¶ 9. A particular question of law for de novo review is whether a petition for postconviction relief should have been dismissed without a hearing because it was barred by the doctrine of res judicata. *Ibrahim* at ¶ 10.

13.

{¶ 19} In criminal cases, res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal if he or she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, 23 N.E.3d 1023, ¶ 92.

{¶ 20} Therefore, notwithstanding the fact that a postconviction petition is a quasi-civil proceeding, constitutional issues cannot be considered in postconviction proceedings where those issues should have been raised on direct appeal and where the issues may be fairly determined without resort to evidence dehors the record. *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982), syllabus; *State v. Nichols*, 11 Ohio St.3d 40, 41-42, 463 N.E.2d 375 (1984).

{¶ 21} In support of his first assignment, counsel presents no arguments other than a suggestion "that a lawyer has the potential to discover shockingly negative information from his/her criminal client" and that when that lawyer presides over a criminal case involving a former client, it creates the appearance of a conflict-of-interest. Appellant does acknowledge that there is a minimal likelihood of success based upon these arguments, citing *In re Disqualification of Ward*, 77 Ohio St. 3d 1233, 1234, 674 N.E.2d 349 (1995).

{¶ 22} In this case, there is no argument nor any indication from the record before us of any personal bias from the judge toward appellant.

14.

**{¶ 23}** In fact, appellant states in his brief that "appellant cannot point to any bias which occurred." Davis did not proffer any evidence or indication of bias when he presented his petition for relief before the trial court.

**{¶ 24}** Appellant has not presented any reason why his allegation of bias could not have been brought in his direct appeal. There is no indication from the record before us of any personal bias from the judge toward appellant. Thus, appellant was not denied effective assistance of counsel, and this argument is without merit. *See State v. Carles*, 6th Dist. No. WD-05-0105, 2006-Ohio-3047, ¶ 47.

### GUILTY PLEA

**{¶ 25}** Davis also submits affidavits of his personal friends in which they each "recant" testimony. However, the record before this court is devoid of any testimony in this case. On September 27, 2017, appellant entered two guilty pleas. In case No. CR0201701077, appellant pled guilty to carrying concealed weapons and trafficking in a controlled substance with an MDO specification attached. In exchange, appellee requested a nolle prosequi as to Count 3, appellee's recommendation that the prison sentence would not exceed 14 years when aggregated with case No. CR0201702181, and appellee's silence regarding judicial release.

**{¶ 26}** Thus, the self-serving affidavits contradicting facts already admitted to by the appellant does not present constitutional error at trial where no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was

15.

convicted. The substance that was found and tested by the Toledo Police Forensic Laboratory and was found to contain controlled substances, specifically 5-Fluoro ADB and MMB-FUBINACA. These substances are commonly known as the drug K2, which is a Schedule I narcotic. Davis admitted to the truth of these factual allegations.

{¶ 27} As the Supreme Court stated in *Menna v. New York* 423 U.S. 61, 62-63, fn. 2, 96 S.Ct. 241, 46 L.Ed.2d 195(1975):

> ... a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. *State v. Pennington,* 2002-Ohio-2375, 2nd Dist., Clark County, No. 2001 CA 1.

{¶ 28} Other courts have previously held that where a defendant enters a guilty plea, R.C. 2953.23(A)(1)(b)—requiring a defendant to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty but for constitutional error at trial—does not apply. *See, e.g., State v. Moore,* 8th Dist. Cuyahoga No. 82734, 2003-Ohio-4819, ¶ 16 ("Appellant pled guilty to drug possession and no trial occurred; therefore, [R.C. 2953.23(A) ] does not apply."); *State v. Halliwell,* 134 Ohio App.3d 730,

16.

735, 732 N.E.2d 405 (8th Dist.1999) (defendant could not satisfy the requirement that "but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted" where he was convicted "pursuant to his plea of guilty, not by reason of trial"); *State v. Hairston,* 10th Dist. Franklin No. 13AP-225, 2013-Ohio-3834, ¶ 8 (where appellant was convicted pursuant to his guilty plea, not a trial, "the exception found in R.C. 2953.23(A)(1) does not allow the trial court to consider appellant's * * * petition"); *State v. Demyan,* 9th Dist. Lorain No. 11CA0100096, 2012-Ohio-3634, ¶ 4 (because defendant pleaded guilty instead of going to trial, he could not demonstrate that, "but for constitutional error at trial, no reasonable factfinder would have found [him] guilty"); *State v. Clark,* 5th Dist. Stark No. 2007 CA 00206, 2008-Ohio-194, ¶ 18 (appellant cannot satisfy the requirement that but for constitutional error no reasonable factfinder would have found the petitioner guilty of the offense at trial because appellant was convicted based on his entry of a guilty plea to the charges in the indictment); *State v. Pough,* 11th Dist. Trumbull No. 2003-T-0129, 2004-Ohio-3933, ¶ 17 ("Where a petitioner's conviction results from a guilty plea rather than trial, R.C. 2953.23(A)(1)(b) does not apply"); *see also State v. Pepper,* 5th Dist. Ashland No. 13 COA 019, 2014-Ohio-364, ¶ 26.

{¶ 29} By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *State v. Barnett*, 73 Ohio App.3d 244, 248, 596 N.E.2d 1101 (2d Dist.1991),

17.

quoting *United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Therefore, Davis has no basis to claim that a reasonable factfinder would not have found him guilty but for constitutional error at trial. *State v. Cool*, 9th Dist. Summit No. 24518, 2009-Ohio-4333, ¶ 14; *see also State v. Estridge*, 2d Dist. Greene No.2005 CA 136, 2006-Ohio-5310, ¶ 8.

{¶ 30} For the foregoing reasons, we find appellant's first two assignments of error to be not well-taken and DENIED.

{¶ 31} Davis presents a third assignment of error:

THE TRIAL COURT'S ORDER OF DISMISSAL ERRONEOUSLY DECLARED THAT APPELLANT FAILED TO PRESENT EVIDENCE OUTSIDE THE RECORD AND/OR NEW EVIDENCE SHOULD HAVE BEEN SUBMITTED TO THE COURT OF APPEALS FIRST.

{¶ 32} Davis unartfully repeats his arguments in support of his first two assignments. The trial court found that the facts alleged in the supporting affidavits were barred by res judicata by virtue of the fact that the issues could have been raised in the direct appeal.

{¶ 33} Appellant attempts to contort the finding of the trial court to mean that any new evidence should have been submitted on appeal. Davis then admits that this argument is itself absurd in that "new evidence cannot be submitted on appeal."

18.

**{¶ 34}** We find no merit in this circuitous argument. For the reasons previously articulated, we find that the arguments raised by the affidavits were barred by res judicata and by virtue of the guilty plea entered by Davis.

**{¶ 35}** Therefore, we find Davis' third assignment of error to be found not well-taken and denied.

## CONCLUSION

**{¶ 36}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24(A)(4).

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         _____
                                                   JUDGE

Thomas J. Osowik, J.        

                                              _____
Gene A. Zmuda, J.                                      JUDGE
CONCUR.

                                              _____
                                                   JUDGE

19.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.