[Cite as *State v. Lenard*, 2022-Ohio-3228.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,         :

                                          No. 111000

    v.                          :

RICHARD MARCUS LENARD,             :

    Defendant-Appellant.        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 15, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-15-602274-A and CR-15-602350-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Daniel T. Van, Assistant Prosecuting
Attorney, *for appellee.*

Richard Lenard, *pro se.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Defendant-appellant Richard Lenard appeals from the trial court's
February 24, 2020 judgment denying his pro se motion for a new trial. After a
thorough review of the facts and pertinent law, we affirm.

**Procedural and Factual History**

{¶ 2} In 2016, appellant was charged in two cases with crimes relative to two separate violent incidents he had with the victim, who was his then-girlfriend.[1] The cases were consolidated for a jury trial, and the jury found him guilty of two counts of kidnapping relative to the first incident and felonious assault and kidnapping relative to the second incident. *Lenard I*, 8th Dist. Cuyahoga Nos. 105342 and 105343, 2018-Ohio-2070, ¶ 7. The court's judgment memorializing the jury's verdict was filed on October 27, 2016. The trial court sentenced him to an aggregated sentence of 14 years and four months. *Id.* On November 14, 2016, appellant filed a motion for a new trial.

{¶ 3} Appellant also filed a direct appeal wherein he claimed that the trial court erred (1) when it imposed court costs in its judgment of conviction without affording him an opportunity to object at the sentencing hearing; (2) by failing to merge the two kidnapping convictions relative to the first incident; and (3) by allowing the state to admit evidence from a detective not based on his personal experience or expert knowledge. *Id.* at ¶ 8. This court found appellant's assignments of error to be without merit and affirmed his convictions. *Id.* at ¶ 18.

{¶ 4} The trial court held appellant's motion for a new trial in abeyance pending appeal, and after this court rendered its decision, the trial court summarily

---

[1] *See State v. Lenard*, 8th Dist. Cuyahoga Nos. 105342 and 105343, 2018-Ohio-2070, ¶ 2-6 ("*Lenard I*"), for a detailed recitation of the facts giving rise to the charges.

denied appellant's motion for a new trial in February 2020.[2] Appellant now appeals, raising the following two assignments of error for our review:

I. The trial court erred to the prejudice of appellant when it denied the motion for new trial without a hearing because it failed to follow Ohio voir dire procedure which would have revealed potential bias or prejudice to provide a valid basis for challenge for cause.

II. Defense counsel was ineffective breaching his duty to investigate violating appellant's constitutional right to a fair and impartial jury when he permitted favoritism to the prosecution.

**Law and Analysis**

{¶ 5} Appellant's assignments of error are interrelated and we consider them together. In his first assignment of error, appellant challenges the trial court's denial of his motion for a new trial without a hearing. In his second assignment of error, appellant contends that his trial counsel was ineffective because he breached his duty by failing to ensure he had a fair and impartial jury.

{¶ 6} Appellant made his motion for a new trial under R.C. 2945.79, which provides in relevant part as follows:

A new trial, after a verdict of conviction, may be granted on the application of the defendant for any of the following causes affecting materially his [or her] substantial rights:

(A) Irregularity in the proceedings of the court, jury, prosecuting attorney, or the witnesses for the state, or for any order of the court, or

---

[2] Appellant also filed petitions for postconviction relief. One of appellant's claims for relief related to a juror who is at issue in this appeal and alleged irregularities in the jury's deliberations. The trial court denied appellant's petitions without a hearing and appellant appealed. This court affirmed the trial court's decision. *State v. Lenard*, 8th Dist. Cuyahoga No. 108646, 2020-Ohio-1502 ("*Lenard II*").

abuse of discretion by which the defendant was prevented from having a fair trial;

(B) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

* * *

(F) When new evidence is discovered material to the defendant, which he [or she] could not with reasonable diligence have discovered and produced at the trial. * * *

R.C. 2945.79; *See also* Crim.R. 33(A).

{¶ 7} A motion for a new trial is required to be filed within 14 days after the verdict was rendered, except if the motion is made on account of newly discovered evidence, in which case it is required to be filed within 120 days after the verdict. Crim.R. 33(B).

{¶ 8} A ruling on a motion for a new trial is within the trial court's discretion and will not be disturbed on appeal absent a showing of an abuse of discretion. *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus. Further, "it is within the trial court's discretion to determine whether * * * it is necessary to hold an evidentiary hearing on a new trial motion." *State v. Moore*, 7th Dist. Mahoning No. 13 MA 9, 2014-Ohio-358, ¶ 19, citing *State v. Green*, 7th Dist. Mahoning No. 05 MA 116, 2006-Ohio-3097, ¶ 11. An abuse of discretion "implies that the court's attitude [was] unreasonable, arbitrary, or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). "A decision is unreasonable if there is no sound reasoning process that would support that

decision." *AAAA Ents., Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 9} In his motion, appellant claimed that he knew juror No. 5, because he and the juror went to high school together and graduated in the class of 1997. According to appellant, he and juror No. 5 had "unpleasant or bad experiences" with each other in high school, mostly regarding sports. Appellant further contended that, more recently, leading up to their 2017 high school reunion, he and juror No. 5 had a "verbal altercation." According to appellant, this "bad blood" between him and juror No. 5 "may" have led the juror to have a "tainted or warped predetermined bias" against him. The motion also established that the juror No. 5 issue was discussed at length with counsel and that juror No. 5 was kept on the jury as part of the trial strategy.

{¶ 10} Appellant further asserted that he learned "new" information about juror No. 5 through a fellow inmate after trial. This "new" information was that juror No. 5 posted his thoughts about this case on social media. Appellant argued that the "new" evidence helped to establish the juror "had a predetermined outlook on the case, he was bias[ed], [and] he was prejudicial" against appellant.

{¶ 11} In regard to appellant's grounds for a new trial under R.C. 2945.79(A) and (B), his motion was untimely. By appellant's own admission, he filed his motion 18, rather than 14, days after the trial court's journalization of the jury's verdict. In regard to appellant's contention that he had 120 days to file the motion on the

ground of newly discovered evidence under R.C. 2945.79(F), we disagree that the evidence appellant relies on is newly discovered.

{¶ 12} Appellant's awareness of juror No. 5 was not "new." Appellant acknowledged in his motion for a new trial that he was aware of the juror at trial and brought it to the attention of his trial counsel. We are also not persuaded that appellant learned "new" information about the juror from an inmate. Crim.R. 33(A)(6) governing motions for a new trial based on newly discovered evidence requires an affidavit from the witness who is expected to provide the new evidence. Appellant's motion was not accompanied by an affidavit.

{¶ 13} Because the ground on which appellant sought a new trial is not "new" evidence, his claim is barred under the doctrine of res judicata. The doctrine of res judicata establishes that a final judgment of conviction bars a convicted defendant, who was represented by counsel, from raising and litigating in any proceeding, except a direct appeal from that judgment of conviction, any defense or any claimed lack of due process that was raised or could have been raised by the defendant on appeal. *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996). Appellant could have raised this issue in his direct appeal, but failed to do so.

{¶ 14} Nonetheless, appellant raised the issue of juror No. 5 in one of his petitions for postconviction relief and the issue has been decided. The trial court denied relief on the ground of the alleged bias of juror No. 5 and this court upheld the decision in *Lenard II*, 8th Dist. Cuyahoga No. 108646, 2020-Ohio-1502. This court found that the evidence appellant submitted in support of his claim — a

transcript of a recorded conversation between a criminal investigator and the juror — was inadmissible and "incompetent" evidence under Evid.R. 606(B). *Id.* at ¶ 39. This court further noted that even if the evidence were considered it did not support appellant's claims: "[t]he transcript reflects that the juror at issue said he 'never had a problem with [appellant],' and did not even realize until after deliberations that he went to high school with him." *Id.* at ¶ 40.

{¶ 15} In regard to appellant's contention of ineffective assistance of counsel, that claim is also barred under the doctrine of res judicata since it was decided in *Lenard II*. Specifically, this court noted that "'[w]hen a defendant bases an ineffective assistance of counsel claim on an assertion that his counsel allowed the impanelment of a biased juror, the defendant "must show that the juror was actually biased against him."'" *Id.* at ¶ 40, quoting *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, 873 N.E.2d 828, ¶ 67, quoting *Miller v. Francis*, 269 F.3d 609, 616 (6th Cir.2001). This court held that

> [t]he transcript demonstrates that Lenard cannot make such a showing. Furthermore, the transcript demonstrates that the only reason the juror is "not as comfortable" now with his verdict is because subsequent to the verdict in Lenard's cases, the juror was involved in a domestic violence situation and is now on probation, a situation he said might have caused him to think differently about Lenard's cases. The juror's newly realized empathy for defendants accused of domestic violence does not demonstrate there were any irregularities in the jury deliberations in Lenard's cases, however.
>
> The trial court did not abuse its discretion in finding that counsel was not ineffective and that Lenard failed to offer evidence to support his claim of alleged irregularities during jury deliberations.

(Citation omitted.) *Lenard II* at ¶ 40-41.

{¶ 16} For the reasons set forth above, we find appellant's first and second assignments of error to be barred by the doctrine of res judicata. They are therefore without merit and hereby overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN A. GALLAGHER, J., CONCUR