[Cite as *State v. Lenard*, 2023-Ohio-4529.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                      Nos. 112283 and 112966

    v.                             :

RICHARD MARCUS LENARD,                  :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 14, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-15-602274-A and CR-15-602350-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Daniel T. Van, Assistant Prosecuting
Attorney, *for appellee.*

Richard Lenard, *pro se.*


FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Defendant-appellant Richard Marcus Lenard ("Lenard") appeals the trial court's judgment denying Lenard's motion for leave to file a new-trial motion, alleging newly discovered evidence pertaining to a juror who participated in his trial ("juror No. 5"). After a thorough review of the record and law, this court affirms.

# I. Factual and Procedural History

{¶ 2} In January 2016, a Cuyahoga County Grand Jury returned two separate indictments stemming from two different physical altercations involving Lenard and the victim, Lenard's then-romantic partner. The two indictments were consolidated for trial, and Lenard was ultimately convicted of three counts of kidnapping and one count of felonious assault. Lenard directly appealed his convictions and sentence, raising errors regarding court costs, merging offenses, and the trial court's admission of evidence from a detective. This court affirmed in *State v. Lenard*, 8th Dist. Cuyahoga Nos. 105342 and 105343, 2018-Ohio-2070 ("*Lenard I*"), which contains a full recitation of the facts giving rise to Lenard's convictions.

{¶ 3} While *Lenard I* was pending, Lenard filed three motions for post-conviction relief that the trial court denied, issuing a judgment entry containing findings of fact and conclusions of law. This court affirmed the trial court's denial of these motions in *State v. Lenard*, 8th Dist. Cuyahoga No. 108646, 2020-Ohio-1502 ("*Lenard II*"). Lenard's motions raised issues relating to potential mitigation evidence that Lenard felt should have been raised at his trial, evidence used for the indictments, jurisdiction and venue, concerns regarding jury misconduct during deliberations, and concerns about juror No. 5. Relevant to this current appeal, Lenard raised concerns that juror No. 5 was biased against him. Lenard noted that even after informing his trial counsel of these facts, his trial counsel did not adequately voir dire juror No. 5. *Lenard II* at ¶ 36. In support of these arguments,

Lenard attached a transcript of a conversation between a private investigator that Lenard hired and juror No. 5, where juror No. 5 indicated that he attended high school with Lenard but did not realize this connection until after trial. *Id.* at ¶ 40. The *Lenard II* court found the transcript inadmissible but nonetheless determined that the transcript did not support Lenard's arguments. *Id.* at ¶ 39. Juror No. 5 also denied having any problems with Lenard in the past, and though juror No. 5 indicated that he felt uncomfortable with the verdict and deliberations since the trial, this court noted that since Lenard's trial, juror No. 5 became entrenched in his own domestic violence proceedings that "might have caused him to think differently about Lenard's cases." *Id.* at ¶ 40.

{¶ 4} Lenard's third appeal pertaining to this case dealt with a new-trial motion, which was filed about a month after his initial sentence was issued but was not ruled upon immediately because it was held in abeyance during the pendency of *Lenard I.* *State v. Lenard*, 8th Dist. Cuyahoga No. 111000, 2022-Ohio-3228 ("*Lenard III*"). When *Lenard I* concluded, the trial court denied Lenard's new-trial motion, Lenard appealed that decision to this court, and this court affirmed. *Id.* In his new-trial motion and in *Lenard III*, Lenard again argued that juror No. 5 was biased or prejudiced against him. In support of this, Lenard alleged that juror No. 5 went to his high school and they had "unpleasant or bad experience[s]" with each other. *Lenard III* at ¶ 9. In addition to problems in high school, Lenard noted that prior to their 2017 high school reunion, he had a verbal altercation with juror No. 5. *Id.* Despite these issues, Lenard and his trial counsel discussed the issues

surrounding juror No. 5 and decided to keep him on the jury "as part of the trial strategy." *Id.* In addition to arguing that juror No. 5 was biased and prejudiced based on his prior dealings with Lenard, Lenard also argued that after the trial, he learned from a fellow inmate that juror No. 5 posted thoughts about the case on social media, which Lenard also pointed to as evidence of bias and prejudice. *Id.* at ¶ 10.

{¶ 5} The *Lenard III* court reasoned that Lenard's awareness of juror No. 5 was not newly discovered because Lenard himself indicated that he shared his concerns about juror No. 5 with his trial counsel, nor was this newly discovered evidence properly supported by an affidavit. *Id.* at ¶ 12. Further, this court determined that Lenard's claims surrounding juror No. 5 were barred by res judicata since they were raised and affirmed by the *Lenard II* court. *Id.* at ¶ 13.

{¶ 6} About a month after *Lenard III* was released, Lenard filed another motion in the trial court asking for leave to file a new-trial motion based on newly discovered evidence. Yet again, Lenard's sole argument pertained to juror No. 5 and their allegedly turbulent history. This motion included several new exhibits, including rejection letters from several attorneys; a letter from the prison where he is incarcerated indicating that due to COVID-19, inmates were prohibited from accessing the law library or making copies; an affidavit from an individual named Rodney Jackson ("Jackson") indicating that he gathered photographs of Lenard and juror No. 5 together and was unable to gather these photographs prior to April 10, 2022 (the aforementioned photographs were scans from a high school yearbook);

an affidavit from Wollor Siklo ("Siklo") indicating that he "remembered the many incidents between [Lenard] and [juror No. 5];" a second affidavit from Siklo rehashing his knowledge of Lenard and juror No. 5's relationship more thoroughly, including a statement that "it is safe for me to say there is resentment, anger and bitterness until this day that exists between these two" and an affidavit signed by Lenard detailing his extensive history with juror No. 5 and detailing his extensive efforts to obtain the necessary evidence to prove that he has an allegedly tumultuous relationship with juror No. 5. The state opposed the motion, arguing that res judicata barred Lenard's claims.

{¶ 7} The trial court denied Lenard's motion. Lenard appealed, assigning a single error for our review:

> The trial court erred in failing to grant a new trial, or in the alternative, a more complete hearing on appellant's motion for leave for new trial based on newly discovered evidence when it arbitrarily deviated from procedure in selecting the jury.

## II. Law and Analysis

{¶ 8} Lenard's assignment of error is two-fold: he argues that the trial court erred in (1) denying his motion for leave to file new-trial motion, and (2) failing to hold a hearing on this motion. A trial court's decision to grant or deny a motion for leave to file a new-trial motion is reviewed for an abuse of discretion. *State v. Miller*, Slip Opinion No. 2023-Ohio-3448, ¶ 17, citing *State v. McNeal*, 169 Ohio St.3d 47, 2022-Ohio-2703, 201 N.E.3d 861, ¶ 13. An abuse of discretion implies that the

court's action was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 9} Lenard's motion for leave was made pursuant to Crim.R. 33(A)(6), stating that a new trial may be granted

> [w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶ 10} New-trial motions premised on newly discovered evidence "shall be filed within one hundred twenty days" after the verdict was rendered unless the defendant proves by clear and convincing proof that the defendant was "unavoidably prevented from the discovery of the evidence upon which he must rely[.]" Crim.R. 33(B). A party is unavoidably prevented from filing a new-trial motion if the party establishes that they "had *no* knowledge of the existence of the ground" supporting the new-trial motion and could not have learned of the existence of that ground within the time prescribed for filing a new-trial motion. (Emphasis added.) *State v. Conner*, 8th Dist. Cuyahoga No. 103092, 2016-Ohio-301, ¶ 23.

{¶ 11} In *Lenard III*, this court found that even if res judicata did not apply, Lenard failed to support his motion with affidavits of the witnesses expected to

support or provide the newly discovered evidence pursuant to Crim.R. 33(A)(6). *Lenard III* at ¶ 12.

{¶ 12} As a result of this court's findings in *Lenard III*, Lenard filed the new-trial motion that is the subject of this appeal and attached four affidavits: one from Jackson, two from Siklo, and one from himself that were not attached to his earlier new-trial or post-conviction motions. Additionally, Lenard argues that he was "unavoidably prevented" from obtaining these necessary affidavits for various reasons including attempting to obtain counsel or assistance with compiling this evidence after the close of his case; COVID-19; and regarding Siklo, the fact that he was unaware that Siklo was available as a witness until Siklo reached out to him while he was in prison.

{¶ 13} "The phrases 'unavoidably prevented' and 'clear and convincing proof' do not allow one to claim that evidence was undiscoverable simply because affidavits were not obtained sooner." *State v. Fortson*, 8th Dist. Cuyahoga No. 82545, 2003-Ohio-5387, ¶ 11. A defendant cannot claim that evidence was undiscoverable merely because the defendant or his defense counsel did not undertake to obtain the evidence sooner. *State v. Jackson*, 8th Dist. Cuyahoga No. 108241, 2019-Ohio-4893, ¶ 20, citing *State v. Cashin*, 10th Dist. Franklin No. 17AP-338, 2017-Ohio-9289. Here, we are not persuaded that Lenard was "unavoidably prevented" from reaching out to classmates or individuals who had knowledge about his allegedly hostile relationship with juror No. 5; Siklo could have been contacted immediately after trial as an individual who was familiar with the relationship between Lenard

and juror No. 5. Further, photographs of Lenard and juror No. 5 in a high school yearbook could have been obtained immediately after trial with reasonable diligence.

{¶ 14} We also reiterate that in *Lenard III,* this court found that Lenard and his counsel discussed the issue at length and decided to keep the juror on as trial strategy, indicating that Lenard's relationship to juror No. 5 was unequivocally known at the time of trial. *Id.* at ¶ 9. "Res judicata bars all subsequent new[-]trial motions that are based on claims that were brought or could have been brought on direct appeal or in prior motions filed under Crim.R. 33." *State v. Williamson*, 8th Dist. Cuyahoga Nos. 107117, 107162, and 107916, 2019-Ohio-1985, ¶ 14. To overcome res judicata, the appellant must provide cogent, material evidence that was not contained in the record on appeal. *State v. Shabazz*, 8th Dist. Cuyahoga No. 94738, 2010-Ohio-5789, ¶ 6. Additionally, the new evidence must have been unavailable to the petitioner at the time of trial or his direct appeal. *Id.* The substance of the four new affidavits — that Lenard and juror No. 5 knew each other and had an adverse relationship, has been repeatedly considered and rejected by this court. Accordingly, we cannot agree that the trial court erred in overruling Lenard's motion for leave to file a new-trial motion.

{¶ 15} A hearing is not required under Crim.R. 33 unless the newly discovered evidence presents a "strong possibility that a new trial might reach a different result." *State v. Sailor*, 8th Dist. Cuyahoga No. 100009, 2014-Ohio-1062, ¶ 16, citing *State v. Williams*, 8th Dist. Cuyahoga No. 99136, 2013-Ohio-1905, ¶ 13.

The decision to hold a hearing is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Conner*, 8th Dist. Cuyahoga No. 103092, 2016-Ohio-301, at ¶ 23.

{¶ 16} Lenard fails to present a persuasive argument that these affidavits present a strong probability that the jury would have reached a different result, warranting a hearing on the motion, nor do we find that the new affidavits or photographs simply depicting Lenard and juror No. 5 together function to create a strong probability that the jury would have reached a different result. We therefore reject Lenard's contention that the trial court should have held a hearing.

### III. Conclusion

{¶ 17} The trial court did not err in overruling Lenard's motion for leave to file a new-trial motion nor did the trial court err in not holding a hearing on the motion.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

LISA B. FORBES, J., and
MICHAEL JOHN RYAN, J., CONCUR