[Cite as *State v. DeJesus*, 2026-Ohio-215.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                      Court of Appeals No. S-25-005

    Appellee                               Trial Court No. 2021 CR 192

v.

Francisco Otero DeJesus              **DECISION AND JUDGMENT**

    Appellant                             Decided:  January 23, 2026

* * * * *

Beth A. Tischler, Esq., Sandusky County Prosecutor and
Alexis M. Otero, Esq., Assistant Prosecutor for appellee.

Appellant, pro se.

* * * * *

**ZMUDA, J.**

## I. Introduction

{¶ 1} Appellant, Francisco Otero DeJesus, appeals the March 7, 2025 judgment of the Sandusky County Court of Common Pleas denying his petition for postconviction relief as untimely.  Appellant, who is pro se, raises four assignments of error, three of

which challenge the trial court's denial of his petition. The fourth asserts that his trial counsel was ineffective. For the reasons that follow, we find appellant's assignments of error not well-taken and affirm the judgment of the trial court.

## II. Facts and Procedural History

{¶ 2} On April 11, 2023, appellant was indicted by a grand jury in the Sandusky County Court of Common Pleas on one count of rape in violation of R.C. 2907.02(A)(1) and (B), a first-degree felony (count 1); and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) and (C)(2)(A), a third-degree felony (counts 2 and 3). The victim was appellant's 10-year-old granddaughter for whom appellant was acting *in loco parentis*.

{¶ 3} Appellant initially pled not guilty to the charge in the indictment, but he later changed his plea to guilty on the single count of rape in exchange for the State's dismissal of the remaining counts against him. The trial court accepted appellant's guilty plea. On November 15, 2022, appellant was sentenced to a definite prison term of 11 years and an indefinite, additional prison term of five-and-a-half years.

{¶ 4} Appellant filed a notice of appeal on December 14, 2022, and the transcripts were filed in his appeal on January 23, 2023. Appellant's assignments of error in his direct appeal concerned his sentence, and he contended that he was improperly informed that he could be subject to a "life imprisonment" if convicted of the charges in the indictment. This court issued an opinion affirming the trial court's judgment on November 17, 2023. *State v. Dejesus*, 2023-Ohio-4164 (6th Dist.). On November 26,

2.

2024, appellant moved to reopen his appeal, and this court denied that motion as untimely.

{¶ 5} On February 7, 2025, appellant filed a petition for post-conviction relief, the subject of the instant appeal, requesting a hearing. Appellant's petition asserted that his guilty plea was not knowing, intelligent, or voluntary because he lacked sufficient fluency and literacy in English to understand the legal proceedings, was denied an interpreter, and was "willfully misinformed and manipulated by his trial counsel and prosecutor to believe he would be subjected to a possible 'life imprisonment.'" Appellant argued that his trial counsel was ineffective by failing to communicate with him, provide an interpreter for him, assert his right to a speedy trial, move to suppress evidence against him, object to the State's intimidation of appellant, and object to the sentence imposed by the trial court as in breach of appellant's plea agreement with the State. Appellant also argued that he was denied his rights to an interpreter and to a speedy trial and that the State "failed to fulfill its promise to sentence [appellant] to the promised 3 to 9 years," and thus the State breached its contract with appellant. Next, appellant argued that the State engaged in prosecutorial misconduct by falsely representing that appellant could be subjected to life in prison and that evidence against appellant should have been suppressed because the State failed to issue Miranda warnings to appellant. Finally, appellant alleged actual innocence, contending that he did not have the appropriate mens rea to rape his granddaughter because he mistakenly believed his 10-year-old

3.

granddaughter, who had gotten into bed with appellant during the night, was his girlfriend, and he did not actually engage in any sexual contact with his granddaughter.

{¶ 6} The State did not file a response to appellant's petition. On March 7, 2025, the trial court denied appellant's petition for postconviction relief as untimely, finding that appellant filed his petition outside the time period prescribed by R.C. 2593.21(A)(2). The trial court also found that appellant could not establish either prong of R.C. 2953.23(A), and therefore appellant had not established grounds to file a petition outside the statutory time period.

## III. Assignments of Error

{¶ 7} On appeal, appellant asserts the following assignments of error for our review:

1. The trial court erred when it abused its discretion by denying appellant's petition for post-conviction relief without holding an evidentiary hearing pursuant to section 2954.21(E) and section 2953.22 of the Ohio Revised Code.

2. The trial court erred in it denied the appellant/petitioner's petition for post-conviction relief for being untimely.

3. The trial court denied defendant-appellant due process when it failed to comply with the statutory requirements of section 2953.21 of the Ohio Revised Code.

4. Trial counsel was ineffective in violation of the Sixth Amendment to the U.S. Constitution and in violation [of] article I section 10 of the Ohio Constitution and article I section 16 to the Ohio Constitution.

4.

## IV. Law and Analysis

{¶ 8} Appellant's first and third assignments of error take issue with the trial court's failure to hold an evidentiary hearing on his petition for postconviction relief, his second assignment of error contends that the trial court erred in denying his petition, and his fourth assignment of error alleges that his trial counsel was ineffective. Because appellant's second assignment of error concerns a jurisdictional issue, that assignment of error will be addressed first.

{¶ 9} Postconviction relief is statutory, and the statutory time limits for filing a petition for postconviction relief are jurisdictional in nature. *See State v. Johnson*, 2024-Ohio-134, ¶ 1. R.C. 2953.21(A)(2)(a) provides that a petition for postconviction relief must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." A court has jurisdiction to consider a petition filed outside that time period only if the petitioner can establish both of the following requirements under R.C. 2953.23(A)(1):

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if

the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 10} Here, the transcripts in appellant's direct appeal were filed on January 23, 2023, but appellant did not file his petition for postconviction relief until February 7, 2025, well outside the 365-day time period set forth in R.C. 2953.21(A)(2)(a). Accordingly, the trial court only had jurisdiction to consider appellant's petition if appellant could establish *both* prongs under R.C. 2953.23(A)(1).

{¶ 11} Appellant cannot establish either prong. As to the first prong, appellant's petition does not even allege that he was unavoidably prevented from discovering the facts upon which his petition is based, nor has appellant made any assertion that a new retroactive federal or state right, recognized by the Supreme Court of the United States, applied to him. Indeed, the facts upon which his petition was based—his lack of an interpreter, his trial counsel's communications, statements regarding the possibility of a life sentence, the discrepancy between the sentence he believed he was promised by the State and the sentence that the trial court actually imposed, and his mistaken belief that his granddaughter was his girlfriend—are all facts of which appellant was aware before the expiration of the time period in R.C. 2953.21(A)(2)(a). Moreover, because appellant pled guilty and thus his conviction was not the result of a trial, appellant cannot establish the second prong under R.C. 2953.23(A)(1), that no reasonable factfinder would have found him guilty but for a constitutional error at trial. *State v. Davis*, 2022-Ohio-4767, ¶ 28 (6th Dist.), citing R.C. 2953.23(A)(1)(b). Accordingly, appellant could not establish

6.

either prong under R.C. 2953.23(A)(1), the trial court did not have jurisdiction to consider appellant's petition, and appellant's second assignment of error is found not well-taken.

{¶ 12} Next, appellant's first and third assignments of error concern the trial court's failure to hold an evidentiary hearing before denying his petition. Because the trial court did not have jurisdiction to consider appellant's petition, the trial court could not hold an evidentiary hearing on the petition. *State v. Pitts*, 2023-Ohio-3545, ¶ 20 (6th Dist.) ("[W]hen a petition for post-conviction relief is not timely filed, and the exceptions for delay set forth in R.C. 2953.23(A)(1)(a) and (b) are not satisfied, the trial court lacks jurisdiction to entertain the merits of the petition or hold a hearing."). Therefore, appellant's first and third assignments of error are found not well-taken.

{¶ 13} Finally, appellant's fourth assignment of error asserts ineffective assistance of trial counsel. In support of his assignment of error, appellant alleges several deficiencies regarding his trial counsel's performance during his plea hearing and his sentencing hearing. Claims for ineffective assistance of trial counsel may be made outside of a direct appeal under a timely filed petition for postconviction relief. *See State v. Blanton*, 2022-Ohio-3985, ¶ 105. However, outside a timely filed petition for postconviction relief, he cannot now raise his trial counsel's ineffectiveness. Appellant's fourth assignment of error is found not well-taken.

7.

## V. Conclusion

**{¶ 14}** Appellant's assignments of error are found not well-taken. We affirm the March 7, 2025 judgment of the Sandusky County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Myron C. Duhart, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.