[Cite as *State v. Sutton*, 2026-Ohio-281.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  {48}L-24-1255

      Appellee                                        Trial Court No.  CR0201201783

v.

James Sutton                                    **DECISION AND JUDGMENT**

      Appellant                                        Decided: January 29, 2026

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and,
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Catherine H. Jackson, for appellant.

* * * * *

**Introduction**

{¶ 1} The underlying facts of this case were briefly summarized in our decision *in State v. Sutton,* 2013-Ohio-5629, ¶ 2-4 (6th Dist.), as follows:

{¶ 2} On May 17, 2012, appellant was indicted on three counts of felonious assault in violation of R.C. 2903.11(A)(2), all felonies of the second degree, and one count of murder in violation of R.C. 2903.02(B), an unclassified felony. All four counts

contained a firearm specification under R.C. 2941.145, as well as a criminal gang specification under R.C. 2941.142. The charges against appellant stemmed from two separate incidents: the first, from the February 19, 2012 shootings of B. C. and D. G. at the Zodiac Bar in Toledo, Lucas County, Ohio; and the second, from the April 15, 2013 shooting death of T. T. at the Valero gas station in Toledo, Lucas County, Ohio.

{¶ 3} Appellant initially entered a plea of not guilty by reason of insanity to the charges in the indictment. On December 12, 2012, the trial court found that appellant was competent to stand trial, and that he did not suffer from any mental defect or illness at the time of the alleged criminal acts. Thereafter, appellant reached a plea agreement with the state. On March 4, 2013, he entered a guilty plea under *North Carolina v. Alford*, 400 U.S. 25, (1970), to (1) two counts of felonious assault, (2) an amended count of voluntary manslaughter in violation of R.C. 2903.03(A) and (B), a felony of the first degree, and (3) the attached firearm specification. In return, the state agreed to dismiss the remaining count of felonious assault, the three gun specifications attached to each count of felonious assault, and the criminal gang specifications.

{¶ 4} The state and appellant, through counsel, jointly recommended to the trial court that it impose a 30–year prison sentence. The court accepted appellant's plea, made a finding of guilt, and sentenced appellant to the maximum of eight years' imprisonment for each count of felonious assault, eleven years for voluntary manslaughter, and three years for the firearm specification. The sentences were ordered to be served consecutively, for a total prison term of 30 years.

2.

**{¶ 5}** In that direct appeal, counsel filed a brief under *Anders v. California,* 386 U.S. 738, (1967). After independently examining the record as required by *Anders,* we found no error prejudicial to appellant's rights in the proceedings before the trial court. We then concluded that his appeal was wholly frivolous and we granted counsel's motion to withdraw and we also affirmed the March 11, 2013 judgment of the Lucas County Court of Common Pleas. *Sutton* at ¶ 21.

### Motions filed after the direct appeal was denied.

**{¶ 6}** Since his direct appeal, the record of the trial court establishes that Sutton filed the following motions:

JULY 26, 2016

**{¶ 7}** On July 26, 2016 a "Motion for Reconsideration of Sentence in the Alternative Motion to Withdraw Guilty Plea Pursuant to Criminal Rule 32.1".

**{¶ 8}** In this motion, Sutton argued that he "would have accepted the plea bargain offer of voluntary manslaughter had counsel investigated the circumstances of the plea." He argued that his counsel was ineffective for failing to investigate.

**{¶ 9}** The motion stated "Further, the attached affidavits proferred to the court will attest to the fact that in all reality Defendant had intentions on going to trial in this matter had counsel not manipulated Defendant into making the unintelligent, unknowingly plea."

3.

*The D.G. Affidavit*

{¶ 10} Despite the reference to "affidavits" in the plural, the motion only had one "affidavit" attached and filed with the Clerk of Courts. That "affidavit" is in fact the undated "affidavit" of D.G. that appellant filed again with his 2023 "Motion Establishing Unavoidable Delay" which is the subject of this appeal. This is the same "statement" that Sutton now argues was "quickly lost and thought not recoverable." Sutton also argues that, with the assistance of counsel, "a copy of his (D.G.) sworn statement was found to be in possession of Sutton's mother, unbeknownst to Sutton." Sadly, Sutton need only to have looked to the Lucas County Clerk of Courts and his previously filed motion to have found it.

{¶ 11} Notwithstanding the obvious, the court did not specifically consider this a post-conviction motion but found it to be untimely and failed to show sufficient evidence of any manifest injustice (since he did in fact plead guilty to voluntary manslaughter). The court also found the issue to be barred by res judicata.

{¶ 12} The trial court found this motion not well-taken and denied the motions by way of a journalized judgment entry filed on December 13, 2016. Sutton did not appeal this judgment.

APRIL 29, 2020

{¶ 13} On April 29, 2020 Sutton filed a "Motion to Correct a Void Sentence under Rule 47." In this motion, Sutton argued that the trial court "failed to conduct a full allied offense determination to merge the two charges of Felonious Assault in Count 1 and

4.

Count 2 of the plea." The trial court specifically treated this motion as a post-conviction motion, despite its caption. It found the issue to be barred by res judicata as the issue of merger could have been raised in the direct appeal. The trial court found this motion to be not well-taken and denied on March 5, 2021. Sutton did not appeal this judgment.

JULY 25, 2023

{¶ 14} On July 25, 2023, Sutton filed a "Motion Establishing Unavailable Delay". In this motion, he argued that he was unavoidably prevented from discovering that T. G. and D. G. would recant their statements to the police identifying Sutton as the shooter.

{¶ 15} The trial court found that Sutton was obviously aware of a possible recantation of D.G. as far back as 2016 and even possessed a document ostensibly signed by him. Yet, Sutton did not move for post-conviction relief based upon that information.

{¶ 16} The trial court further considered the sworn statement of the third-party investigator to be of limited value. The fact remained that Sutton produced no affidavit signed by the actual witness, T.G.

{¶ 17} Therefore, the court concluded that Sutton was not unavoidably prevented from discovery of the facts upon which he must rely to present a claim for relief as required by R.C. 2953.23(1)(a).

{¶ 18} Nevertheless, the court also found that even if Sutton had established that he was prevented from discovering the evidence he relied on in support of his motion, he could not prove by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty. The court specifically noted that

there was other physical evidence that implicated Sutton in the Zodiac Bar shootings, most notably, DNA on the gun used in the shooting. The court therefore found that Sutton was also unable to meet the second jurisdictional element required by R.C. 2953.23(A)(1)(b).

{¶ 19} The trial court found the motion not well-taken. It is this judgment that is the subject of this appeal now before the court.

### Assignments of Error

{¶ 20} Appellant presents two assignments of error for our review.

*Assignment of Error A:* Mr. Sutton successfully established he was unavoidably prevented and delayed from establishing the exculpatory evidence presented to the court.

### *Analysis of successive post-conviction petitions*

{¶ 21} At the outset, Sutton concedes that his petition is untimely. A trial court does not have subject-matter jurisdiction to adjudicate a postconviction petition that is untimely—i.e., filed outside the statutory deadline under R.C. 2953.21(A)(2)—or successive—i.e., a second or subsequent petition. *See State v. Apanovitch*, 2018-Ohio-4744, ¶ 36, 38. There are two exceptions to this jurisdictional bar. *See* R.C. 2953.23(A)(1) and (2). One is relevant here. A trial court may entertain an untimely or successive petition if the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief *and* the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty. R.C. 2953.23(A)(1)(a) and (b). *Id.*

6.

## Standard of Review

{¶ 22} The question whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely or successive petition for postconviction relief is a question of law, which appellate courts review de novo. *State v. Martin*, 2025-Ohio-144, ¶ 24-27 (11th Dist.), quoting *State v. Kane*, 2017-Ohio-7838, ¶ 9 (10th Dist.).

{¶ 23} Under this standard, Sutton must establish that he was "unavoidably prevented from discovery of the facts" on which he relies. R.C. 2953.23(A)(1)(a). He must show that he was unaware of the evidence he is relying on and that he could not have discovered the evidence by exercising reasonable diligence. *State v. Bethel*, 2022-Ohio-783, ¶ 21.

{¶ 24} We will note that while Sutton characterizes the D.G. statement and attributions of T.G. as "recantations," neither is a recantation of testimony. A witness recants by formally or publicly withdrawing or repudiating earlier testimony. *State v. Waddy,* 2016-Ohio-4911, ¶ 35 (10th Dist.). Since Sutton entered a guilty plea, there was no testimony from either D.G. or T.G.

## The D.G. Affidavit

{¶ 25} Relevant to this appeal, the record establishes that on March 4, 2013, Sutton pled guilty to two counts of felonious assault arising from a shooting at the Zodiac Night Club. Four years later, Sutton claims that he was made aware by his mother that the victim, D.G., had come forward on his behalf. Sutton claims that he had possession of an exculpatory affidavit from D.G.in 2016 that was lost when he was moved from one

7.

institution to the other and communication was severely limited. COVID lockdowns also prevented him from taking action based upon the 2016 D.G. Affidavit.

{¶ 26} Seven years later, on July 25, 2023 Sutton filed his "Motion Establishing Unavailable Delay." We have previously noted that the record establishes that this Exhibit "G" is the same "affidavit" attached to Sutton's July 26, 2016 Motion for Reconsideration of Sentence in the Alternative Motion to Withdraw Guilty Plea Pursuant to Criminal Rule 32.1" and filed with the Lucas County Clerk of Courts on July 26, 2016.

{¶ 27} Critical to any inquiry concerning timeliness is not the form of affidavit or document but rather the facts contained therein upon which the claims depended. *State v. Klein*, 2020-Ohio-6948, ¶11, (1st Dist.).

{¶ 28} In the "affidavit" D.G. refers to Sutton as his "childhood friend." It further states "He was charged with felonious assault in 2012 for a shooting that took place at a night club. I was shot that night and James was charged for me when he wasn't the guy that shot me at all." "I don't know who shot me but I know for a fact it wasn't James Sutton."

{¶ 29} A statement of this magnitude from a victim of a shooting that purports to completely exonerate Sutton is a profound assertion. The record of this case establishes that he was aware of D.G.'s statement in 2016. Sutton assertion that he had somehow "lost" a copy of the "affidavit" does not relieve him of his burden to prove reasonable diligence in filing of his petition. The phrases 'unavoidably prevented' and 'clear and convincing proof' do not allow one to claim that evidence was undiscoverable simply

8.

because affidavits were not obtained sooner. *State v. Fortson*, 2003-Ohio-5387, ¶ 11, (8th Dist.). A defendant cannot claim that evidence was undiscoverable merely because the defendant or his defense counsel did not undertake to obtain the evidence sooner. *State v. Lenard*, 2023-Ohio-4529, ¶ 13, (8th Dist.)*, appeal not allowed,* 2024-Ohio-763, ¶ 13.

**{¶ 30}** The underlying fact of D.G.'s proclaimed exoneration of Sutton was evident to him at least since July 26, 2016 when he filed the "affidavit" with the court seven years prior to his current petition that is before this court.

<u>The Megan Jagos Affidavit</u>

**{¶ 31}** Sutton also relies on an affidavit of Megan Jagos (Exhibit "B"), a private investigator hired by his counsel. That affidavit contains the hearsay statements of T.G. concerning what he did or did not witness on the night of the Zodiac Bar shooting in 2012. The only practical value of the Jagos affidavit is her attestation concerning the "difficulty there was in trying to have communication with T.G." and that there was difficulty in "receiving cooperation from both D.G. and T. G. as witnesses."

**{¶ 32}** In *State v. Calhoun*, the Ohio Supreme Court established a framework to assess affidavit credibility in reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21. The trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact.

*State v. Calhoun*, 86 Ohio St. 3d 279 (1999), paragraph seven of the syllabus.

9.

{¶ 33} The trial court found the Jagos affidavit to be of limited value as a result of the hearsay contained therein. In our review of this particular affidavit, we can find no error in the judgment of the trial court in making this assessment.

{¶ 34} Therefore, having considered the claims contained in Sutton's first assignment of error, we find this assignment to be not well taken and denied.

*Assignment of Error B:* It was an abuse of discretion to deny Mr. Sutton's post-conviction petition without giving due weight and consideration to the affidavits in support of Sutton's petition.

{¶ 35} In Sutton's appeal to this court, he specifically references the following affidavits on page iv of his brief:

Affidavit of Megan Jagos, Private Investigator.

2016 Affidavit of D.G.

2023 Affidavit of D.G.

Affidavit of Alan Konop

Affidavit of James Sutton

{¶ 36} We have discussed the Megan Jagos affidavit and its relevance and significance to Sutton's petition and his appeal. Likewise, we have already noted the 2016 written statement ostensibly authored by D.G. which was attached to and filed with Sutton's 2016 motion. It is imaginative to characterize this undated document as an "affidavit." Not only is the document undated it is obviously not properly notarized in that the notary does not verify the date of the supposed attestation. And it is a copy, not an original document. Therefore, it is insufficient to be a proper verification or affidavit

10.

under Ohio law. *Cannon v. Shaffer*, 2010-Ohio-538, ¶ 3 (8th Dist.), citing *Griffin v. McFaul*, 2007–Ohio–5506.

{¶ 37} The 2023 affidavit of D.G. is an affirmation of the 2016 statement. However, it is of little assistance to Sutton's claims. It undeniably establishes that the averments contained therein were, in fact, known to Sutton in 2016. He cannot now claim that he was unavoidably prevented from knowing D.G.'s assertions concerning the events at the Zodiac Bar in 2012.

{¶ 38} Sutton refers to "Mr. Konop's affidavit" in his brief and has enumerated such a document as a citation. The record of this appeal does not contain any such affidavit. Furthermore, we will take exception to any such characterization of the "Affidavit of Jim Lariviere" (Exhibit E) as an affidavit of Alan Konop, the trial counsel. The Lariviere affidavit contains hearsay statements attributed to Alan Konop. It is poignantly obvious that there is no affidavit of Alan Konop as part of this record.

{¶ 39} The affidavit of James Sutton is self-serving and offers no plausible explanation as to why he failed to act upon learning of the averments of the 2016 D.G. statement that he filed with the Clerk of Courts in 2016.

{¶ 40} When exercising its discretion to assess the credibility of an affidavit without first conducting an evidentiary hearing on a motion to withdraw, a court must consider all relevant factors including whether (1) the same judge who reviewed the petition also presided at trial; (2) multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person; (3) the affidavit relies on

11.

hearsay; (4) the affiant is related to the defendant or otherwise interested in the success of his efforts; (5) the affidavit contradicts defense evidence; (6) the affidavit is contradicted by any other sworn statement of the affiant; and (7) the affiant is internally consistent. *State v. Allen*, 2025-Ohio-5555, ¶ 38, (6th Dist.), citing *State v. Guevarra*, 2022-Ohio-1974, ¶ 20-21 (6th Dist.) (adopting the factors of *State v. Calhoun*, 86 Ohio St.3d 279, 284-85 (1999)).

{¶ 41} Here, the record shows that the judge who reviewed Sutton's petition did indeed preside at the plea hearing. The several affidavits contain numerous hearsay statements. Only the 2023 D.G. affidavit, prepared by counsel, is arguably based upon first-hand knowledge.

{¶ 42} After considering the *Calhoun* factors we cannot find that the trial court abused its discretion in its consideration of the affidavits in support of Sutton's petition. Therefore, we cannot find appellant's second assignment of error to be well-taken.

<u>Failure to hold an evidentiary hearing</u>

{¶ 43} While not set forth as an additional assignment of error, Sutton also argues that the trial court erred in failing to hold an evidentiary hearing before denying his petition. However, since Sutton failed to establish that he was unavoidably prevented from discovering the facts upon which he relied to present his claim for relief under R.C. 2953.21 (A) (1), the trial court did not have jurisdiction to consider the merits of his claims and hence, could not have held a hearing on the petition. *State v. Pitts*, 2023-Ohio-3545, ¶ 20 (6th Dist.).

12.

{¶ 44} Interestingly, we note that the trial court went on to consider the merits of Sutton's petition when it considered the evidence that would have been presented at trial. In so doing, the trial court thereby went on to unnecessarily consider the second prong of R.C. 2953.23(A)(1)(b). The statute requires that a petitioner establish both prongs of R.C. 2953.23(A) before a trial court has any jurisdiction Thus, the trial court did not have jurisdiction to entertain the merits of the petition unless appellant meets both conditions of R.C. 2953.23(A), which if met, excuse an untimely filing. *State v. McDonald*, 2005-Ohio-798, ¶ 18 (6th Dist.).

### Sutton's Guilty Plea

{¶ 45} Additionally, we have consistently held that the second prong of R.C. 2953(A)(1)(b) cannot apply where a defendant enters a guilty plea because by entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment, he is admitting guilt of a substantive crime, and, thus, the accused has no basis to claim that a reasonable factfinder would not have found him guilty but for constitutional error at trial. *State v. DeJesus*, 2026-Ohio-215 (6th Dist.), *State v. Acosta*, 2025-Ohio-1847, ¶ 25 (6th Dist.), citing *State v. Davis*, 2022-Ohio-4767, ¶ 29 (6th Dist.), citing *State v. Cool*, 2009-Ohio-4333, ¶ 14 (9th Dist.).

13.

Conclusion

{¶ 46} For all of the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed.

{¶ 47} Pursuant to App.R. 24, Appellant is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, P.J.              _____
                                                    JUDGE
Gene A. Zmuda, J.

Charles E. Sulek, J.              _____
CONCUR.                                           JUDGE

_____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.